J-S24009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH JOHN MADONNA, JR. | : | |
| | : | |
| Appellant | : | No. 1714 MDA 2017 |

Appeal from the Judgment of Sentence September 6, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0006048-2016,
CP-36-CR-0006049-2016, CP-36-CR-0006050-2016,
CP-36-CR-0006051-2016

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED JULY 13, 2018**

Appellant, Joseph John Madonna, Jr., appeals from the judgment of sentence entered on September 6, 2017, following his jury trial convictions for rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child less than 13 years of age, aggravated indecent assault of a person less than 16 years of age, unlawful contact with a minor, indecent assault of a person less than 16 years of age, three counts of indecent assault of a child less than 13 years of age, and four counts of corruption of a minor.[1] We vacate the portion of Appellant's sentence finding him to be a sexually violent predator (SVP) and affirm in all other respects.

The trial court summarized the facts and procedural history as follows:

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3122.1(b), 3125(b), 3125(a)(8), 6318, 3126(a)(8), 3126(a)(7), and 6301(a)(1)(ii), respectively.

On June 21, 2017, a jury found [Appellant], whose date of birth is October 12, 1934, guilty at the above-[captioned, four] docket numbers of [all the previously mentioned] charges. Each of [Appellant's] convictions arose from [his] long-term sexual abuse of his two (2) minor granddaughters when [Appellant] was between the ages of approximately seventy-three (73) and eighty-one (81) years old. [Appellant's] sexual abuse of J.G.M., whose date of birth was February [ ], 1999, began when she was approximately eight (8) years old and continued until the abuse was discovered in May of 2016 when she was approximately seventeen (17) years old. [Appellant's] sexual abuse of J.L.M., whose date of birth was February [ ], 2003, occurred when she was between the ages of approximately four (4) and eight (8) years old and again when she was approximately eleven (11) or twelve (12) years old.

J.G.M., who has an intellectual disability, testified that on numerous occasions [Appellant] had sexual intercourse with her, compelled her to perform oral sex on him and touched her sexually with his hands. J.L.M. testified that she once witnessed [Appellant] receiving oral sex from J.G.M. and also testified that on at least four (4) separate occasions, [Appellant] rubbed her [] inner thigh, breasts, or vagina over her clothes with his hands. The testimony of both girls demonstrated grooming behavior by [Appellant]. J.L.M. testified that [Appellant] would give her a soda after touching her and comforted her when she showed signs of being upset. Her testimony demonstrated that she was more resistant to the abuse than J.G.M. and [Appellant] stated at trial that he did [not] like J.L.M. because she was spoiled. [Appellant] demonstrated clear favoritism towards J.G.M. and bought her numerous gifts and treats. [Appellant's] sexual abuse of his granddaughters took place in different jurisdictions, beginning in [Appellant's] residence with his late wife and continuing at his new residence after his wife's death in early 2011. The abuse continued despite having been twice reported to the father and step-mother of the children. The father of the children is [Appellant's] son and is one of [Appellant's] two only remaining adult relatives. [Appellant's] sexual abuse of his granddaughters was only discovered [] when police obtained a letter written by J.G.M. to her boyfriend about the abuse.

[Appellant] was sentenced on September 6, 2017, following the preparation and filing of a pre-sentence investigation report (PSI). [At the time of sentencing, the trial court also held an SVP hearing.]

*　　　*　　　*

All sentences were made concurrent except [for a] six (6) to twenty (20) year sentence for rape of a child, [a] six (6) to twenty (20) year sentence for involuntary deviate sexual intercourse with a child, and [a] two (2) to six (6) year sentence [] for unlawful contract with a minor. Therefore, [Appellant received] an aggregate sentence [of] fourteen (14) to (46) years of incarceration. [The trial court deemed Appellant an SVP.]

[Appellant] filed a post-sentence motion on September 18, 2017 claiming that his aggregate sentence [was] manifestly excessive. That motion was denied by [o]rder dated October 5, 2017. [Appellant] filed his notice of appeal on November 3, 2017[2] and a statement of errors [pursuant to Pa.R.A.P. 1925(b)] on November 27, 2017. [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 18, 2017.]

Trial Court Opinion, 12/18/2017, at 2-6 (record citations and quotations omitted).

On appeal, Appellant presents the following issue for our review:

_____

[2] The trial court entered a separate sentencing order for each of the four docket numbers. Appellant, however, filed a single notice of appeal bearing all four caption numbers. Our Supreme Court recently decided **Commonwealth v. Walker**, 2018 WL 2448643 (Pa. 2018) on June 1, 2018. Citing the official note to Pa.R.A.P. 341, the **Walker** Court prospectively determined that separate notices of appeal must be filed when convictions arise from separate dockets. However, our Supreme Court applied **Walker** prospectively from June 1, 2018, because it was "contrary to decades of case law from [the Supreme] Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, [appellate courts] seldom quashed appeals as a result." **Walker**, 2018 WL 2448643, at *6 (Pa. 2018). Because **Walker** was decided after the instant appeal was filed, we will not apply it and we decline to quash this single appeal.

> I.     Did the trial court err in imposing a manifestly unreasonable sentence that was an abuse of discretion and clearly unreasonable when the [t]rial [c]ourt's aggregate sentence in the above-captioned cases of fourteen (14) years to forty-six years [of] incarceration for the [82 year-old Appellant] was a manifestly unreasonable decision as the [c]ourt did not consider the rehabilitative or individualized needs of [Appellant] under 42 Pa.C.S.A. § 9721(b), and the aggregate sentence was manifestly excessive in that the sentences imposed are the functional equivalent to a life sentence, which violates the prohibition against cruel and unusual punishment of Article I, Section 13 of the Pennsylvania Constitution and Article 8 of the United States Constitution and the [c]ourt articulated its expectation at sentencing that [Appellant] will [die] in jail. Additionally, the [c]ourt considered the impermissible factor of [Appellant's] son protecting [Appellant] from the police, the son preventing the charges being brought earlier and the son preventing the son's daughter from speaking of the abuse by [Appellant] earlier. Additionally, the aggregate sentence was clearly unreasonable under 42 Pa.C.S.A. § 9781(c)(2)?

Appellant's Brief at 7.

Appellant claims that "his aggregate sentence of [14] to [46] years was a manifestly unreasonable decision and a result of ill will and prejudice toward Appellant." *Id.* at 23. More specifically, Appellant argues:

> The sentencing court did not reference [] Appellant's potential for rehabilitation while on parole or probation. Instead, the [trial c]ourt told Appellant he would die in prison.
>
> The sentencing judge's sentence was contrary to the fundamental norms underlying the sentencing scheme. While the [trial c]ourt cited [] Appellant's age at sentencing (82), his solid work history, no prior record as an adult or juvenile, throat cancer that Appellant suffers from, service with the United States Marines in the Korean War from 1952 to 1955, the aggregate sentence imposed failed to take the aforesaid mitigating factors into account in sentencing. The sentencing court's recitation of mitigation was tantamount to

- 4 -

'lip service' only. As previously indicated, Appellant has no opportunity for rehabilitation under the aggregate sentence[.]

*Id.* at 21-22. Appellant also suggests that, when fashioning his sentence, the trial court improperly considered that the victims' father, Appellant's son, protected Appellant by hiding the abuse from the police. *Id.* at 22.

This Court has previously determined:

It is well-settled that the right to appeal a discretionary aspect of sentence is not absolute. Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal.

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis.

\*　　　\*　　　\*

We have found that a substantial question exists when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. We cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists.

> It is settled that this Court does not accept bald assertions of sentencing errors. When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits. A Rule 2119(f) statement is inadequate when it contains incantations of statutory provisions and pronouncements of conclusions of law.

*Commonwealth v. Radecki*, 180 A.3d 441, 467–468 (Pa. Super. 2018) (internal citations and most quotations omitted).

Here, Appellant has failed to raise a substantial question. Appellant premises his argument primarily on the fact that the trial court imposed consecutive sentences and failed to consider his age. We have consistently recognized that excessiveness claims premised on such arguments do not raise substantial questions for our review. *Id.* at 468-469, *citing Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015) *(en banc)* (stating, "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question[.]"); *see also Commonwealth v. Eline*, 940 A.2d 421, 435 (Pa. Super. 2007) (an appellant's argument that "the trial court failed to give adequate consideration to [his] poor health and advanced age" in fashioning his sentence does not raise a substantial question).

"A defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of

- 6 -

excessiveness due to the consecutive nature of a sentence will not raise a substantial question." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013). In ***Dodge***, the defendant was convicted of 40 counts of receiving stolen property, and related crimes, and received an aggregate sentence of over 40 years of imprisonment. Dodge argued that his aggregate sentence was excessive because his non-violent criminal conduct did not warrant a *de facto* life sentence. "We cautioned that although Dodge had raised a substantial question in his particular case, a defendant does not raise a substantial question 'where the facts of the case being reviewed do not warrant the conclusion that there is a plausible argument that the sentence is *prima facie* excessive based on the criminal conduct involved.'" ***Commonwealth v. Radecki***, 180 A.3d 441, 470 (Pa. Super. 2018), *citing **Dodge***, 77 A.3d at 1271.

Here, Appellant used his position of trust and authority to groom, manipulate, and sexually abuse his own granddaughters over the course of many years. Thus, we conclude Appellant failed to make a plausible argument that his sentence was *prima facie* excessive based upon his criminal conduct. For all of the foregoing reasons, Appellant has failed to raise a substantial question for our review.

In the alternative, even if Appellant raised a substantial question, he is not entitled to relief. We employ the following narrow standard of review:

> We may reverse only if the sentencing court abused its discretion or committed an error of law. Merely erring in judgment is insufficient to

constitute abuse of discretion. A court has only abused its discretion when the record disclosed that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. King***, 182 A.3d 449, 454 (Pa. Super. 2018) (citations and quotations omitted).

The Sentencing Code provides:

the [trial] court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

Section 9781(d) provides that, when reviewing a sentence, we must consider the following:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

An appellate court shall vacate a sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

> (2)   the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3)   the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

> Moreover,
>
> where the sentencing court had the benefit of a [presentence investigation ("PSI")], we can assume the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

**Radecki**, 180 A.3d at 471 (citation omitted).

> In this case, in imposing sentence, the trial court stated:
>
> [I]t is likely that any sentence for [Appellant] would be the equivalent of a life sentence due to his advanced age. That fact was acknowledged at sentencing and in [Appellant's] own filings. That does not automatically render his sentence, imposed within the standard guideline range and with the benefit of a PSI, unreasonable or improper. A review of the record clearly demonstrates a meaningful consideration of the appropriate and relevant sentencing factors, including the PSI, [Appellant's] age, maturity, intelligence and work history. Though [Appellant] had no prior record, [Appellant's] long-term sexual abuse of these children continued, in part, due to the unwillingness and refusal of his family to report the known/suspected abuse and their warnings to the children not to tell anybody about the abuse. Contrary to [Appellant's] claim, the actions of his family were not improperly taken into consideration and [Appellant's] individual and rehabilitative needs were fully considered, as well as the protection of the public. Despite [Appellant's] advanced age, he

was able to persist in the long-term sexual abuse of his granddaughters and did so despite his family's knowledge that sexual abuse was taking place. The evidence and testimony at trial demonstrate that [Appellant's] sexual abuse of, at least, J.G.M., would have continued indefinitely had authorities not discovered it by accident.

Also taken into consideration was the nature of [Appellant's] crimes, having been committed over the course of years and against particularly vulnerable victims, being young children and an intellectually disabled child. Further, [Appellant] showed absolutely no affection for his granddaughters throughout the proceedings and at one point during trial noted that he refers to their intimate body parts [in derogatory terms]. [Appellant] failed to acknowledge or accept any responsibility for his actions and expressed no remorse or regret concerning his granddaughters or his sexual abuse of them. [Appellant's] aggregate sentence is proper and appropriate in light of all the relevant factors and takes into consideration the protection of the public, the gravity of the offense on the victims and community[,] and the rehabilitative needs of [Appellant].

Trial Court Opinion, 12/18/2017, at 8-9 (record citations omitted).

Upon review, we discern no abuse of discretion in sentencing Appellant. Here, the trial court had the benefit of a PSI and, thus, we presume it considered Appellant's individual circumstances when imposing Appellant's sentence. The trial court considered the nature of the crimes and determined that, in order to protect the victims and the public, consecutive, standard-range sentences on three of the charges were appropriate. The trial court specifically noted Appellant groomed two victims and prolonged the sexual abuse over many years when the children were very young. Further, one victim is mentally disabled. The trial court considered Appellant's age, but then determined that Appellant's rehabilitative prospects were slight given his lack of remorse and his failure to appreciate the severity of his actions.

Discerning no abuse of discretion by the trial court, we will not disturb Appellant's sentences on appeal.

Before concluding our analysis, however, we are constrained to *sua sponte*[3] raise the legality of Appellant's designation as an SVP under the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41. A recent panel of this Court recognized:

> In [***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017)], our Supreme Court held that the registration requirements under SORNA constitute criminal punishment. [***Muniz***,], 164 A.3d at 1218. In light of ***Muniz***, this Court determined: "[U]nder ***Apprendi*** [***v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)] and ***Alleyne*** [***v. United States***, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)] a factual finding, such as whether a defendant has a mental abnormality or personality disorder that makes him ... likely to engage in predatory sexually violent offenses, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact–finder." ***Commonwealth v. Butler***, 173 A.3d 1212, 1217 (Pa. Super. 2017) (internal quotations and citations omitted). The ***Butler*** Court further held "section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact–finder making the necessary factual findings beyond a reasonable doubt." ***Id.*** at 1218. The Court therefore concluded that trial courts no longer can designate convicted defendants as SVPs or hold SVP hearings "until our General Assembly enacts a constitutional designation mechanism." ***Id.*** The ***Butler*** Court directed trial courts to apply only the applicable tier–based registration period, as those periods apply based on the conviction itself, and not due to any additional fact not found, under SORNA's procedures, by the fact–finder. The Court ultimately reversed the order finding the defendant to be an SVP and remanded to the trial court for the sole purpose of issuing

---

[3] ***See Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017) (addressing legality of SVP status *sua sponte*).

appropriate notice of the defendant's tier–based registration period. ***Id***.

***Commonwealth v. Golson***, 2018 WL 2473514, at \*7 (Pa. Super. 2018)

Here, the trial court designated Appellant an SVP on September 6, 2017. In light of ***Butler*** and our Supreme Court's decision in ***Muniz***, as summarized above, we are constrained to vacate the portion of the trial court's order of September 6, 2017 designating Appellant as an SVP. We remand the case to the trial court for the sole purpose of issuing the appropriate notice under 42 Pa.C.S.A. § 9799.23 as to Appellant's tier-based registration obligations under SORNA.

Judgment of sentence affirmed in part, SVP designation vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/13/18</u>