J-S79012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN VAN SMITH S. RICH | : | |
| | : | |
| Appellant | : | No. 214 MDA 2018 |

Appeal from the Judgment of Sentence December 19, 2017
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0003120-2015

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 06, 2019**

Appellant, Steven Van Smith S. Rich, appeals from the judgment of sentence imposed on December 19, 2017, and amended on December 27, 2017, in the Cumberland County Court of Common Pleas.  We affirm.

The trial court summarized the relevant facts and procedural history of this matter as follows:

> At approximately midnight on May 23, 2015, [Appellant] caused an accident involving personal injury when he failed to stop at a red light and struck the rear of [Ms. Mary Hudson's] vehicle while it was proceeding through an intersection, which caused [Ms. Hudson's] vehicle to become inoperable on the side of the road. [Appellant] did not stop and did not attempt to render aid or exchange information with [Ms. Hudson]. A bystander[, Mr. Adam Webb,] who had witnessed the accident[,] entered the roadway on foot to check on the welfare of [Ms. Hudson] … , and was fatally struck by a passing tractor-trailer. Eyewitnesses to the accidents informed police … where [Appellant's] vehicle was located a short distance down the road from the initial collision. Of note, [Appellant's] car stopped down the road only because it was disabled after its collision with [Ms. Hudson's] vehicle. Upon

investigation, it was discovered that [Appellant] was intoxicated. [Ms. Hudson] later sought medical treatment for stiffness, soreness, bruising, pain, and anxiety caused by the incident.

Trial Court Opinion, 6/1/18, at 3 (footnotes omitted).

On October 30, 2017, [Appellant] pled *nolo contendere* to the following offenses: at Count 1, DUI - General Impairment,[1] first offense, an ungraded misdemeanor; and at Count 4, Accidents Involving Death or Personal Injury,[2] a first-degree misdemeanor.[2] After review of [Appellant's] pre-sentence investigation report ("PSI") and the impact statement from [Ms. Hudson], we sentenced [Appellant] on December 19, 2017 to the following: at Count 1, to pay the costs of prosecution and a $300 fine, and incarceration in Cumberland County Prison for forty-eight (48) hours to six (6) months; at Count 4, to pay the costs of prosecution and a $100 fine, and incarceration in Cumberland County Prison for four (4) to twenty-three (23) months, to run consecutively to the sentence at Count 1.[3] [Appellant] was further directed to obtain a drug and alcohol evaluation, comply with any recommended treatment, abstain from consuming alcohol, and to pay $20.15 restitution to [Ms. Hudson].[4]

[2] See In Re: Nolo Contendere Plea, Order of Court, October 30, 2017 (Peck, J.). [Appellant's] *nolo contendere* plea was in full satisfaction of the charges for which he was to be prosecuted, which included eight additional various misdemeanor and summary counts stemming from a DUI accident caused by [Appellant]. See Nolo Plea Colloquy, Plea of [Appellant], October 30, 2017.

[3] See In Re: Sentence, Order of Court, December 19, 2017 (Peck, J.). We sentenced [Appellant] to the minimum sentence in the aggravated range of the sentencing guidelines for this offense because of the seriousness of the offense and the impact to [Ms. Hudson].

_____

[1] 75 Pa.C.S. § 3802(a)(1).

[2] 75 Pa.C.S. § 3742(a).

- 2 -

[4] Id. The amount of restitution to [Ms. Hudson] was this low amount because insurance had covered the vast majority of the costs of the accident. See Transcript of Proceedings, In Re: Sentence, December 19, 2017 at p. 5 (Peck, J.).

On December 21, 2017, [Appellant] filed a Motion to Modify and Stay Commencement of Sentence, arguing that our sentencing of [Appellant] in the aggravated range guidelines on Count 4 was improper, given this Court's reasons for the same, and requesting that the four-month minimum sentence be reduced, or alternatively, for the sentences imposed at Count 1 and Count 4 to run concurrently.[5] On December 27, 2017, we granted [Appellant's] Motion in part and amended [Appellant's] sentences to run concurrently to each other.[6] [Appellant] filed a Notice of Appeal from our December 19, 2017 Order on February 1, 2018.[7]

[5] See [Appellant's] Motion to Modify and Stay Commencement of Sentence, December 21, 2017.

[6] See Order of Court, December 27, 2017 (Peck, J.). All other requests in [Appellant's] Motion were denied.

[7] [Appellant's] Notice of Appeal, February 1, 2018.

Trial Court Opinion, 6/1/18, at 1-2 (footnote 1 omitted). Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue for this Court's consideration:

Did the court abuse its discretion by sentencing [Appellant] to an aggravated range minimum sentence of four months while impermissibly considering factors already included within the Sentencing Guidelines as the sole reason for aggravating the sentence?

Appellant's Brief at 7 (full capitalization omitted).

Appellant's issue presents a challenge to the discretionary aspects of his sentence. It is well settled that when an appellant challenges the discretionary aspects of his sentence there is no automatic appeal; rather, the appeal will be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). Furthermore, as this Court noted in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. §9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

Appellant has satisfied the first three elements of the four-part test from *Moury*. Appellant preserved the sentencing issue by filing a timely post-sentence motion and notice of appeal, and he provided a statement of reasons for allowance of appeal from the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f) in his brief. Next, we must determine if Appellant has raised a substantial question for our review. *Moury*, 992 A.2d at 170.

A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). This Court's inquiry "must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. Whether a substantial question has been raised is determined on a case-by-case basis; the fact that a sentence is within the statutory limits does not mean a substantial question cannot be raised. ***Commonwealth v. Titus***, 816 A.2d 251, 255 (Pa. Super. 2003). However, a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim. ***Id***.

***Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012).

In his Pa.R.A.P. 2119(f) statement, Appellant avers that the trial court relied on impermissible factors and fashioned Appellant's sentence on considerations already included in the Sentencing Guidelines. Appellant's Brief at 12-13. We conclude that Appellant has raised a substantial question for our review. ***Commonwealth v. Simpson***, 829 A.2d 334, 338 (Pa. Super. 2003).

It should be noted that "sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008). Additionally, an abuse of discretion is not merely an error in judgment; rather, an appellant must establish that the trial court ignored or misapplied the law, exercised its judgment for reasons

of partiality, prejudice, bias, or ill will, or reached a manifestly unreasonable decision. *Id.*

"It is impermissible for a court to consider factors already included within the sentencing guidelines as the **sole reason** for increasing or decreasing a sentence to the aggravated or mitigated range." *Simpson*, 829 A.2d at 339 (citation omitted) (emphasis added). However, trial courts may consider factors already included in the Sentencing Guidelines if those factors supplement other extraneous sentencing information. *Id.* (citation omitted).

It is well settled that in Pennsylvania, a fundamental norm of the sentencing process is that a criminal defendant's sentence be individualized. *Commonwealth v. Luketic*, 162 A.3d 1149, 1160 (Pa. Super. 2017) (citing *Commonwealth v. Devers*, 546 A.2d 12, 13 (Pa. 1988)). "Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." *Moury*, 992 A.2d at 171 (citation omitted). "When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the [Appellant]." *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015) (citation omitted).

The trial court addressed this issue as follows:

> Importantly, we considered that there are far-reaching consequences to [Appellant]'s decision not to stop and render aid to [Ms. Hudson] at the scene of the accident at the time it occurred, as he was required by law to do. We also acknowledge

that it is within our purview to consider the surrounding circumstances of the offense when fashioning a sentence for [Appellant]. Here, [Appellant], by not stopping, set off a chain of events that resulted in injury to [Ms. Hudson], the death of [Mr. Webb], and physical hazards to others using the road. [Ms. Hudson] was stranded on the side of a busy highway in an inoperable vehicle in the wee hours of the morning, in physical danger due to her location. Another driver, coming to the victim's aid, left her own vehicle partially in the lane of traffic in order to alert oncoming vehicles to the accident scene, creating an additional peril to her own person and property. [Mr. Webb,] [a] pedestrian who witnessed the collision, after coming to the aid of the victim and then attempting to check on the welfare of [Appellant] himself, was struck and killed by traffic on the roadway. Police and medical personnel who responded to the accident had to track down [Appellant] at his location some distance away from the scene, creating additional danger for them as well. Multiple cars stopped in or near the road due to the accident and debris strewn between the two cars involved in the collision created additional hazards for others using the road at that time of night. Much of this could have been avoided had [Appellant] heeded his legal duty to stop and remain at the scene.

[Appellant] was explicitly informed on multiple occasions prior to his sentencing that the sentence was entirely up to this [c]ourt, and defense counsel acknowledged the same. Yet now [Appellant] complains that we abused our discretion by sentencing him in the bottom of the aggravated range of the sentencing guidelines. However, at the time of sentencing, both the Commonwealth and [Appellant] had agreed to defer to our judgment regarding sentencing. Thus, exercising our own judgment, we sentenced [Appellant] to an aggravated range sentence, and that sentence was neither beyond the statutory limit nor manifestly excessive. Likewise, we do not find credible any claim that the aggravated range sentence we imposed, in recognition of the effect on the victim and the seriousness of the circumstances surrounding the offense, was an abuse of discretion. This claim is meritless.

We noted on the record at the time of sentencing that we had reviewed both the pre-sentence investigation report of [Appellant] as well as [Ms. Hudson's] impact statement. We considered all of the information contained within those documents in reaching our decision of sentence. We also noted

- 7 -

that we were sentencing [Appellant] in the aggravated range due to "the seriousness of the offense, and the impact that this offense has had on the victim." Here [Appellant] calls into question the adequacy of our reasons for imposing an aggravated range sentence, stating that "the seriousness of the offense is taken into account in the offense gravity score" and "the impact to the victim is incorporated into the accident charge." **However, when we cited to the "seriousness of the offense" we also took into consideration the serious nature of the surrounding circumstances and the consequences to the community, including the death of the bystander and the additional dangers to third parties that were posed as a result of [Appellant's] flight from the scene, and not solely the nature of the offense easily calculable by the offense gravity score. At the same time, physical injury is not the only impact that this incident has had on [Ms. Hudson]. [Ms. Hudson] also had to witness the death of an innocent person, and now experiences anxiety while driving at night.** Therefore, we provided sufficient reasons for sentencing [Appellant] in the aggravated range of the sentencing guidelines for the Accidents charge.

Trial Court Opinion, 6/1/18, at 9-11 (footnotes omitted) (emphasis added).

As noted above, the trial court had the benefit of a pre-sentence investigation report ("PSI"), which gives rise to a presumption that the trial court properly considered and weighed all relevant factors. *See Commonwealth v. Finnecy*, 135 A.3d 1028, 1038 (Pa. Super. 2016) ("[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the [Appellant]'s character and weighed those considerations along with mitigating statutory factors."). Moreover, by their nature, victim impact statements are unique to the victim and illustrative of the crime's impact on the individual and the community. *Swope*, 123 A.3d at 338; *see also*

*Commonwealth v. King*, 182 A.3d 449 (Pa. Super. 2018) (discussing the breadth and contents of a victim impact statement). Appellant's argument that the impact of a crime on a victim is already included in the Sentencing Guidelines would nullify victim impact statements. We cannot agree with Appellant's assertion, and we find no legal authority for it.

Moreover, it is self-evident that the "seriousness" of an offense cannot be considered in a vacuum. Indeed, the seriousness of a given crime is contemplated by the Sentencing Guidelines; however, an aggravated-range sentence may be justified when the individual circumstances of the case are atypical of the crime for which Appellant was convicted, making a more severe punishment appropriate. *Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa. Super. 2006).

In the case at bar, the trial court explained that Appellant struck Ms. Hudson's vehicle causing her injuries, and Appellant fled without rendering aid. This collision led to a bystander, Mr. Webb, who was attempting to render aid to victims of an accident Appellant caused, being struck and killed by a third vehicle in full view of Ms. Hudson and other witnesses. The trial court considered the PSI, the distinct facts of this case, which included the death of Mr. Webb that occurred in front of Ms. Hudson and other eyewitnesses, in addition to Ms. Hudson's impact statement. Trial Court Opinion, 6/1/18, at 9-11. The trial court concluded that the unique circumstances of this case distinguished Appellant's crimes from other instances of DUI and accidents

involving death or personal injury. *Id.* Accordingly, we cannot agree that factors already included within the Sentencing Guidelines were the sole basis for Appellant's sentence in the aggravated range.

After review, we discern no abuse of discretion by the trial court sentencing Appellant in the aggravated range of the Sentencing Guidelines. Accordingly, Appellant is entitled to no relief, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/06/2019