J-S24038-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
  :        PENNSYLVANIA
          Appellee   :
  :
        v.   :
  :
JACOBS SERGIO,   :
  :
          Appellant   :    1966 EDA 2018

Appeal from the PCRA Order Entered June 7, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010434-2011

BEFORE: BENDER, P.J.E., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:     **FILED: JANUARY 29, 2021**

Jacobs Sergio (Appellant)[1] appeals the June 7, 2018 order dismissing without a hearing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

We glean the following from the record. On April 16, 2011, Appellant shot a man, leaving him partially paralyzed. At the time of the shooting, Appellant was prohibited from legally possessing a firearm. Thus, the Commonwealth charged Appellant at the instant docket number with a myriad of offenses, including attempted murder and person not to possess a firearm.

---

[1] We note that Appellant's name appears in the record as both "Jacobs Sergio" and "Sergio Jacobs."

---

* Retired Senior Judge assigned to the Superior Court.

Appellant proceeded to a jury trial in 2013, at the conclusion of which the trial court declared a mistrial due to a deadlocked jury. Thereafter, on September 16, 2014, Appellant entered into a negotiated plea agreement. Specifically, Appellant agreed to plead guilty to aggravated assault and person not to possess a firearm, in exchange for the Commonwealth's agreeing to (1) *nolle pros* the remaining charges; (2) an aggregate sentence of two and one half to five years of incarceration, followed by five years of probation; and (3) not recommend any particular sentence at Appellant's forthcoming violation of probation (VOP) hearing.[2] The trial court accepted Appellant's guilty plea and imposed the negotiated sentence (Plea Case). Appellant did not file a post-sentence motion or appeal to this Court.

Based on the convictions resulting from Appellant's guilty plea, on December 16, 2014, a VOP hearing was held at docket number 203011-2005 (VOP Case).[3] At the hearing, the Commonwealth recited the factual background of the Plea Case and recommended the following sentence: "2½ to 5 on the PIC, 2½ to 5 on the terroristic threats, consecutive to each other and consecutive to the sentence [imposed in the Plea Case]." N.T., 12/16/2014, at 8. The VOP court revoked Appellant's probation in the VOP

---

[2] At the time of Appellant's guilty plea, Appellant was serving a sentence of probation at docket number CP-51-CR-0203011-2005 for possession of an instrument of crime (PIC) and terroristic threats.

[3] Notably, different attorneys represented the Commonwealth and Appellant in the VOP Case than in the Plea Case. Additionally, a different judge presided.

Case and sentenced Appellant to an aggregate term of five to ten years of incarceration, consecutive to Appellant's sentence in the Plea Case. *Id.* at 13-14. After the hearing, Appellant's VOP counsel was permitted to withdraw from the VOP case.

On December 24, 2014, Appellant, through privately-retained counsel who had represented him in the Plea Case, filed a motion to reconsider the sentence in the VOP Case on the grounds that the Commonwealth had violated the September 16, 2014 agreement in the Plea Case. The Commonwealth conceded that it had inadvertently breached the plea agreement and did not oppose the motion. The VOP court granted the motion and vacated Appellant's VOP sentence on December 30, 2014.

On April 23, 2015, while awaiting resentencing in the VOP Case, Appellant *pro se* timely filed the instant PCRA petition in the Plea Case, seeking a new sentencing hearing in the Plea Case based on the Commonwealth's providing a recommendation in the VOP case.

In the meantime, on July 16, 2015, the VOP court resentenced Appellant to an aggregate sentence of five to ten years of incarceration, which was identical to the sentence imposed originally. The VOP court explained that "[a]fter careful consideration and listening to the arguments of counsel, [the] Commonwealth, and the deal that the Commonwealth had made with [Appellant] that [the Commonwealth] would not recommend [a sentence], it would not have [a]ffected my sentencing in the least because

- 3 -

of the crime that [Appellant] had committed [in the Plea Case]." PCRA Court Opinion, 7/1/2019, at 3 (citations omitted). Appellant filed an appeal in the VOP Case, challenging the discretionary aspects of his VOP sentence. Because Appellant had not preserved his discretionary-aspects-of-sentencing claim for appeal, this Court affirmed his judgment of sentence and granted his counsel's motion to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967). **Commonwealth v. Jacobs**, 158 A.3d 175 (Pa. Super. 2016) (unpublished memorandum).

While Appellant's appeal challenging the VOP Case resentencing was pending in this Court, Appellant retained new private counsel in the Plea Case, who filed an amended PCRA petition on June 3, 2016. The amended PCRA petition sought to withdraw Appellant's guilty plea based upon the Commonwealth's breach of the plea agreement, and set forth theories of unlawful inducement of a plea and ineffective assistance of counsel. Amended PCRA Petition, 6/3/2016, at ¶¶ 10, 36, 40. On August 22, 2016, the Commonwealth filed a motion to dismiss. On September 28, 2016, Appellant filed a response.[4] The PCRA court issued notice of its intent to

---

[4] Appellant filed two additional supplemental petitions on February 1, 2017, and June 12, 2017. Because amended and supplemental petitions may only be filed with leave of court, and there is no evidence that the PCRA court granted leave or considered the filings prior to dismissing the PCRA petition, any arguments raised therein are waived. **See Commonwealth v. Brown**, 141 A.3d 491, 504 n.12 (Pa. Super. 2016) (citations omitted) (noting that our Supreme Court "has condemned the unauthorized filing of supplements and amendments to PCRA petitions, and held that claims raised in such
*(Footnote Continued Next Page)*

dismiss Appellant's PCRA petition without a hearing, pursuant to Pa.R.Crim.P 907, on May 2, 2018. Appellant untimely filed a response on June 7, 2018, and, on the same day, the PCRA court dismissed Appellant's petition as lacking merit.[5]

On July 9, 2018, Appellant timely filed a notice of appeal.[6, 7] On appeal, Appellant argues that the PCRA court erred in dismissing his claims of ineffective assistance of counsel and unlawful inducement, and in concluding that the Commonwealth complied with the plea agreement. Appellant's Brief at 2. We begin with our standard of review.

In reviewing an appeal from the denial of PCRA relief, our standard of review is "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)). "[W]e may affirm a PCRA court's decision on any grounds if the record supports it." *Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (citation omitted). "Where

*(Footnote Continued)* ———————————

supplements" without leave of court "are subject to waiver[,]" unless there is evidence that the "PCRA court considered the supplemental materials prior to dismissing the petition[,]" thereby implicitly granting leave to amend).

[5] Subsequently, the PCRA court granted counsel's motion to withdraw and appointed new counsel to represent Appellant for appellate purposes.

[6] The 30th day was Saturday, July 7, 2018. Therefore, Appellant had until Monday, July 9, 2018, to file timely a notice of appeal. 1 Pa.C.S. § 1908.

[7] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

the petitioner raises a question of law, our standard of review is *de novo*, and our scope of review plenary." ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Instantly, Appellant filed a PCRA petition seeking to withdraw his plea. Such a claim is cognizable under the PCRA, but a petitioner will only be eligible for that relief if the petitioner establishes that (1) ineffective assistance of counsel caused the petitioner to enter an involuntary guilty plea; or (2) the guilty plea was unlawfully induced and the petitioner is innocent. 42 Pa.C.S. § 9543(a)(2)(ii), (iii); ***Commonwealth v. Kersteter***, 877 A.2d 466, 467 (Pa. Super. 2005).

As to ineffective assistance of counsel, Appellant does not claim that any ineffective assistance of counsel caused him to plead guilty. Instead, he argues that the PCRA court erred in dismissing his claim that Plea Case counsel was ineffective for failing to ensure Appellant's plea agreement was adhered to in the VOP Case. Appellant's Brief at 15. We review a claim of ineffective assistance of counsel mindful of the following.

> Counsel is presumed effective, and in order to overcome that presumption a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner.

***Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015). "To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

- 6 -

proceedings would have been different." **Commonwealth v. Spotz**, 84 A.3d 294, 312 (Pa. 2014). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009).

Appellant argues that there was no reasonable basis for plea counsel to fail to bring the plea agreement to the attention of the Commonwealth and the VOP court, and that he was prejudiced because he would have received a lesser sentence had the Commonwealth not breached his plea agreement. Appellant's Brief at 15. The PCRA court determined that Appellant's claim lacked merit because "Appellant can no longer claim to be prejudiced after the [VOP] resentencing took place." PCRA Court Opinion, 7/1/2019, at 6.

Judges of this Commonwealth are presumed to be fair and competent, and, when improperly presented with potentially prejudicial information, able to make decisions without being unfairly influenced. **See Commonwealth v. King**, 182 A.3d 449, 459 (Pa. Super. 2018); **Commonwealth v. Timchak**, 69 A.3d 765, 774 (Pa. Super. 2013). Instantly, the VOP court determined Appellant's sentence in the VOP Case was warranted based upon the nature and severity of Appellant's offenses in the Plea Case, and found that the Commonwealth's erroneously-provided recommendation did not impact the VOP court's sentence. **See** N.T., 9/16/2015, at 14. Because the Commonwealth's sentencing recommendation did not affect Appellant's VOP

sentence, Appellant has failed to demonstrate that he was prejudiced by plea counsel's failure to advise the VOP parties of the no-recommendation agreement made in Appellant's Plea Case. Moreover, counsel could not have known at the time Appellant entered into the plea that the Commonwealth would later breach the agreement. Accordingly, the PCRA court did not err in dismissing this claim.

As to unlawful inducement, Appellant does not allege that he is innocent. Therefore, Appellant's claim alleging his plea was unlawfully induced by the Commonwealth's breach of the plea agreement does not meet the requirements to be eligible for PCRA relief. **See** 42 Pa.C.S. § 9543(a)(2)(ii), (iii). Accordingly, the PCRA court did not err in dismissing Appellant's unlawful inducement claim.[8]

Finally, Appellant complains of the Commonwealth's breaching the plea agreement in the context of contract law. Appellant's Brief at 8-14; **see also** Amended PCRA Petition, 6/3/2016, at ¶¶ 20-39. However, Appellant already

---

[8] Even if Appellant had asserted his innocence, we would still affirm because Appellant received the benefit of his plea agreement at the VOP resentencing. Any complaints about unringing the bell or receiving a harsh sentence in the VOP Case could have been raised in a post-sentence motion and appeal in that case. Additionally, it defies logic that Appellant could have been induced to plead guilty based on conduct that the Commonwealth had not yet committed at the time he pleaded guilty. **But see Commonwealth v. Anderson**, 995 A.2d 1184, 1190 (Pa. Super. 2010) (holding claim cognizable under PCRA based on subsequent breach of Commonwealth as to sentence recommendation, but erroneously relying upon **Commonwealth v. Kroh**, 654 A.2d 1168 (Pa. Super. 1995), which relied on the pre-amendment statute not requiring actual innocence).

sought a remedy for the breach: the VOP resentencing. To the extent Appellant believes the resentencing in the VOP Case was tainted by the Commonwealth's recommendation at the original VOP resentencing, he should have raised such a claim in the VOP Case. Instead, dissatisfied with the resentencing in the VOP Case, Appellant now seeks to withdraw his plea in the Plea Case. Appellant has presented no viable claim for withdrawal of his plea. Even if he had, Appellant has received what he bargained for at this point: a negotiated sentence and *nolle prossed* charges in the Plea Case, and a VOP hearing without a recommendation from the Commonwealth in the VOP Case. Accordingly, the PCRA court did not err in dismissing this claim.

Based on the foregoing, the PCRA court did not err in dismissing Appellant's PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/29/21