J-S06007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROY WINDOM | : | |
| | : | |
| Appellant | : | No. 607 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 13, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005594-2017

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:       **FILED APRIL 15, 2021**

Roy Windom claims the trial court abused its discretion when it sentenced him for his sexual abuse of a minor. His convictions stem from his protracted physical and sexual abuse of his prepubescent younger sister, D.J., which continued from the time she was 9 years old until she was approximately 14 and removed from the home. Windom was approximately 24 years old when he began sexually abusing his sister. D.J. lived with her mother and her siblings, including Windom, in Philadelphia. When D.J. and Windom's grandmother died, Windom began drinking and acting in fits of rage against other members of the household, including D.J.

---

[*] Retired Senior Judge assigned to the Superior Court.

Windom repeatedly threatened D.J. with physical harm to her or their mother if D.J. ever told anybody what he did to her.  On one occasion before D.J. and her siblings went to school, Windom violently attacked D.J. and their mother.  During this altercation, Windom punched D.J. in the face, giving her a black eye.  Following the altercation, D.J. reported the incident to the principal, who then contacted the Philadelphia Department of Human Services.  D.J. was subsequently removed from her home and placed in her father's care in Delaware.  D.J. also gave a report to Officer Timothy McIntyre from the Philadelphia Police Department's Special Victims Unit, and he referred the case to the Philadelphia Children's Alliance (hereinafter "PCA").  After the PCA interviewed D.J. and after further investigation from the Special Victims Unit, the police arrested Windom on May 17, 2017.  (N.T. 6/5/2019, 40-49, 50-57, 60-69, 70, 112-119, 124-127, 165).

On June 7, 2019, a jury found Windom guilty of rape of a child, unlawful contact with a minor, endangering the welfare of a child ("EWOC"), and indecent assault of a person less than thirteen.  On January 13, 2020, the trial court sentenced Windom to an aggregate term of twelve and one-half to twenty-five years' incarceration, followed by twelve years of probation.  The trial court sentenced Windom to ten to twenty years' imprisonment for EWOC—to be followed by seven years' probation for unlawful contact with a minor and a consecutive term of five years' probation for indecent assault.

On appeal, Windom claims that the trial court abused its discretion in sentencing him because the court failed to thoroughly consider Windom's background, his ability for rehabilitation, his social history, rehabilitative needs, and mental health capacity. *See* Appellant's Brief, at 5. Windom also asserts that the sentencing court abused its discretion in sentencing him to a consecutive, rather than concurrent, sentence. *See id.*

The standard employed when reviewing the discretionary aspects of sentencing is very narrow. *See Commonwealth v. King*, 182 A.3d 449, 454 (Pa. Super. 2018). We may reverse only if the sentencing court abused its discretion or committed an error of law. *See id*. Merely erring in judgment is insufficient to constitute abuse of discretion. A court has only abused its discretion when "the record disclosed that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id*.

Windom concedes that his claim is directed at the discretionary aspects of the sentence imposed. See Appellant's Brief, at 9. As such, his claim is treated as a petition for allowance of appeal. *See Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). In order to invoke our jurisdiction to review his claim, Windom must establish four circumstances: (1) that he filed a timely notice of appeal; (2) that he properly preserved his claim under the Rules of Criminal Procedure; (3) that he has complied with Rules of Appellate Procedure in briefing his claim; and (4) that his claim presents a substantial question that his sentence is not appropriate under the

Sentencing Code. *See Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019), appeal denied, 220 A.3d 1066 (Pa. 2019). "We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence." *Id*.

Here, Windom properly preserved his claims by filing a post-sentence motion and timely notices of appeal. Additionally, Windom's brief contains the required Pa.R.A.P. 2119(f) statement. Next, we must determine whether Windom's claim constitutes a substantial question.

This court has held that "a substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). An appellant's contention that the trial court failed to consider relevant sentencing criteria including the protection of the public, the gravity of the underlying offense, and her rehabilitative needs, presents a substantial question for our review. *See Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa. Super. 2016). Additionally, this court has found that a contention that a sentence is excessive presents a substantial question for our review. *See Hill*, 210 A.3d at 1116.

Here, Windom contests that his sentence was excessive and that the trial court failed to consider mitigating factors such as his prior record and his

capacity to rehabilitate. We find these challenges raise substantial questions. Therefore, we will address the substance of Windom's argument.

Although sentencing courts are granted broad discretion, a sentence must always fall within the statutory limits. *See Commonwealth v. Messmer*, 863 A.2d 567, 571 (Pa. Super. 2004). If the sentence is within the statutory limits, there is no abuse of discretion unless the sentence is unreasonable or "manifestly excessive so as to inflict too severe a punishment." *Commonwealth v. Mouzon*, 812 A.2d 617, 625 (Pa. 2002). Pennsylvania law requires courts to impose a sentence that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. *See* 42 Pa. C.S.A. § 972(b). Accordingly, a sentence is not unreasonable or manifestly excessive if it accounts for (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. *See* 42 Pa. C.S.A. § 9781(d); *Commonwealth v. Sheller*, 961 A.2d 187, 190-91 (Pa. Super. 2008).

Here, the trial court sentenced Windom to an aggregate term of twelve and one half to twenty-five years' incarceration, followed by twelve years of reporting probation. (N.T. 1/13/20 at 9). Windom has a prior record score of zero. (N.T. 1/13/20 at 9). Rape of a child is punishable by no more than forty

years' incarceration, 18 Pa. C.S.A. § 3121(e)(1), and has an offense gravity score (hereinafter "OGS") of fourteen. 204 Pa. Code § 303.15. As a result, the standard-range guidelines recommended a minimum term of incarceration between six and twenty years. 204 Pa. Code § 303.16(a).

Moreover, unlawful contact with a minor in child rape cases is a first-degree felony subject to a maximum term of twenty years' incarceration. 18 Pa.C.S.A. § 1103. The offense has an OGS of fourteen. 204 Pa. Code s 303.15. As a result, the guidelines recommend a standard-range, minimum sentence of six to ten years' incarceration. Pa. Code § 303.16(a). Finally, EWOC and indecent assault of a person less than thirteen are both third-degree felonies subject to a maximum term of seven years' incarceration. 18 Pa. C.S.A. § 1103. Both have an OGS of six, and the applicable standard guidelines suggest a minimum sentence range of three to twelve months' incarceration. Pa. Code 303.16(a).

Looking at the totality of Windom's crimes, the maximum statute-sanctioned sentence for Windom's crimes is thirty-seven to seventy-four years of incarceration. The standard-range guidelines suggest a minimum term of imprisonment between twelve and one-half to thirty-two years' incarceration (if imposed consecutively). However, Windom's sentence—twelve and one-half to twenty-five years' incarceration, followed by twelve years' probation— is well below the statutory maximums and falls within the lower end of the guidelines' standard range. The length of Windom's sentence, therefore, is

presumptively appropriate. ***See Commonwealth v. Hill***, 210 A.3d 1104, 1117 (Pa. Super. 2019).

Moreover, the trial court's imposition of consecutive, rather than concurrent, sentences did not constitute an abuse of discretion. The imposition of consecutive sentences is only an abuse of discretion in "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Caldwell***, 117 A.3d 763, 769 (Pa. Super. 2015) (citation omitted). In this case, the facts weighed in favor of consecutive sentences, especially in light of (1) the protracted and violent nature of Windom's crimes, (N.T. 6/5/19 at 42, 61); (2) the fact that D.J. was a nine year old prepubescent child when Windom first raped her, (*Id*. at 42); and (3) the fact that Windom cultivated and maintained an environment of terror, which effectively prevented D.J. from disclosing Windom's physical and sexual abuse for several years. Consequently, there is no legitimate reason to find the consecutive framing of Windom's sentence unduly harsh.

Finally, we find Windom's claims that the trial court failed to consider mitigating factors in determining the length of his sentence to be categorically false. The trial court had the benefit of reviewing the presentence investigation report (hereinafter "PSI") before sentencing Windom. When a sentencing court is informed by a PSI, there is a presumption that the judge was aware of relevant information regarding the defendant's character and "weighed all relevant information regarding the defendant's character against

any mitigating factors." ***Commonwealth v. Mulkin***, 228 A.3d 913, 917 (Pa. Super. 2020).

Moreover, the record unequivocally demonstrates that this court gave due consideration to the defendant's personal characteristics. At sentencing, the Commonwealth asked for an aggregated sentence of 30 to 60 years of incarceration followed by 3 years of reporting probation due to the nature of Windom's actions over a long period of time and the way the victim suffered. (N.T. 1/13/20 at 8). In response, Windom's attorney highlighted persuasive mitigating factors emphasizing Windom's capacity for rehabilitation including the fact that he has no prior record, his medical diagnosis of bipolar disorder, his propensity to be a productive, tax-paying citizen, and his ability to maintain employment over a long period of time. (N.T. 1/13/20 at 4-6).

Based on these arguments, the sentencing court determined that Windom's crimes warranted a standard-range guideline sentence. The trial court expressly acknowledged, considered, and accepted Windom's mitigating factors throughout the sentencing process. ***See, e.g.***, N.T. 1/13/20 at 9. Therefore, there is no basis to find that Windom's sentence is excessive or that this court failed to consider his mitigating characteristics.

We affirm the trial court's judgment of sentence.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 4/15/2021*