J-A02024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARRICK W. BAILEY | : | |
| | : | |
| Appellant | : | No. 1329 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013646-2019

BEFORE: BOWES, J., OLSON, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.: **FILED: July 7, 2023**

Appellant, Darrick Wa-Keen Bailey, appeals from the judgment of sentence entered on September 24, 2021, as made final by the denial of his post-sentence motion on October 5, 2021. We affirm.

The following facts were set forth in the affidavit of probable cause, which the Commonwealth relied upon as its factual summary during Appellant's sentencing. *See* N.T. Sentencing, 9/24/21, at 10-11. On October 14, 2018, the victim and her friend were spending time together at another friend's house located in McKeesport, Pennsylvania. At some point during the evening, Appellant and another individual arrived at the house. Eventually, the victim and Appellant went to sleep but at different locations in the house. Specifically, Appellant went to bed upstairs, while the victim fell asleep on the living room couch. Thereafter, the victim was awakened by Appellant pulling down her pants and underwear. The victim resisted Appellant, telling him

"no" and to "stop." Appellant did not adhere to the victim's request and, instead, forced her to the floor, where he attempted to place his penis inside her mouth but was unsuccessful. Appellant then placed his penis in the victim's vagina and proceeded to have forcible intercourse until he ejaculated inside her. Thereafter, Appellant went back upstairs while the victim remained on the couch until the morning. In the morning, the victim told the homeowner what occurred, left the residence, and went to Forbes Hospital to have a rape kit performed. The DNA testing matched Appellant's DNA profile.

Originally, the Commonwealth charged Appellant with rape, sexual assault, criminal attempt – involuntary deviate sexual intercourse ("IDSI") and indecent assault. Thereafter, the Commonwealth "amended the [i]nformation . . . to add a charge of [s]imple [a]ssault." Trial Court Opinion, 4/7/21, at 1. "Pursuant to a plea agreement, [Appellant] pled guilty to [i]ndecent [a]ssault [- person unconscious][1] and [s]imple [a]ssault.[2] Sentencing was left to the discretion of [the trial court]." *Id.* Appellant was sentenced on September 24, 2021, during which the victim provided an impact statement. Thereafter, the trial court sentence Appellant as follows:

> As to the indecent assault conviction, [the court] imposed a term of imprisonment of not less than 18 months nor more than 38 months. At the simple assault conviction, [the trial court] sentenced [Appellant] to a term of imprisonment of not less than 12 months nor more than 24 months to be served consecutive to the sentence imposed at the indecent assault

_____

[1] 18 Pa.C.S.A. § 3126(a)(4).

[2] 18 Pa.C.S.A. § 2701(a)(1).

- 2 -

charge. [Appellant's] aggregate term of imprisonment of not less than 30 months nor more than 63 months was [also] ordered to be served consecutive to the sentence imposed at CP-02-CR-14153-2019 (a term of imprisonment of not less than 42 months nor more than 84 months).

*Id*. at 1-2 (superfluous capitalization omitted). In addition, Appellant was ordered to comply with sexual offender registration reporting requirements for a period of 25 years.

On the day the trial court imposed its sentence, Appellant filed a post-sentence motion, arguing that the trial court considered "improper factors" in imposing Appellant's sentence, namely, the victim's impact statement which referenced a third-party's mental state and a prior accusation of rape involving Appellant in 2005. Appellant's Post-Sentence Motion, 9/24/21, at *2 (unpaginated). The trial court denied Appellant's post-sentence motion on October 5, 2021. This timely appeal followed.

Appellant raises the following issue on appeal:

Did the trial court consider improper sentencing factors, including hearsay evidence, [Appellant's] 2005 acquittal [on] rape [charges], his "huge" physique, and the false impression that [Appellant] pl[ed] guilty to rape (instead of indecent assault), and ignore [Appellant's] mitigating evidence and fail to consider and apply all relevant sentencing criteria, including [Appellant's] character and rehabilitative needs, as required under 42 Pa.C.S.[A.] § 9721(b) ([setting forth general standards for imposing criminal sentences]), thus making [Appellant's] sentence excessive and unreasonable?

Appellant's Brief at 7.

Herein, Appellant raises several challenges to the discretionary aspects of his sentence. First, Appellant claims his sentence was "clearly and

manifestly unreasonable because the trial court failed to consider his evidence in mitigation and his rehabilitative needs . . . in contravention of the fundamental norms of sentencing." Appellant's Brief at 23. Second, Appellant challenges the trial court's decision to run his sentences consecutively, rather than concurrently, claiming that this resulted in a "manifestly unreasonable and unduly harsh [sentence] 'considering the nature of the crimes and length of imprisonment.'" *Id.* (citation omitted). Third, Appellant claims the trial court erred because it "clearly inten[ded] to punish him for [r]ape," even though [Appellant pled] guilty to [i]ndecent [a]ssault without any force element." *Id.* at 24. Finally, Appellant argues that the trial court committed an abuse of discretion by considering "improper factors" mentioned during the victim's impact statement, including her "hearsay evidence" and "false claim" that Appellant was previously convicted of rape. *Id.*

This Court previously explained:

> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):
>
>> An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>>
>>> We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing

> or in a motion to reconsider and modify sentence,
> **see** Pa.R.Crim.P. 720; (3) whether appellant's
> brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f);
> and (4) whether there is a substantial question
> that the sentence appealed from is not
> appropriate under the Sentencing Code, 42
> Pa.C.S.A. § 9781(b).
>
> [**Moury**, 992 A.2d] at 170 [(citation omitted)]. We evaluate on
> a case-by-case basis whether a particular issue constitutes a
> substantial question about the appropriateness of sentence.
> **Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super.
> 2001).

**Commonwealth v. Hill**, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original

brackets omitted). If an appellant fails to raise a challenge to the discretionary

aspects of a sentence either by presenting a claim to the trial court at the time

of sentencing or in a post-sentence motion, then the appellant's challenge is

considered waived. **Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa.

Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa.

2013). A substantial question exists when an appellant presents a colorable

argument that the sentence imposed is either (1) inconsistent with a specific

provision of the sentencing code or (2) is "contrary to the fundamental norms

which underlie the sentencing process." **Commonwealth v. Mastromarino**,

2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

Here, Appellant complied with the first requirement above, by timely

filing a notice of appeal. As previously noted, Appellant filed a post-sentence

motion on September 24, 2021. The motion, however, only challenged the

trial court's consideration of "improper factors," *i.e.*, statements made during

the victim's impact statement, in fashioning Appellant's sentence in the

aggravated range. Appellant's Post-Sentence Motion, 9/24/21, at *1-*3 (unpaginated). Indeed, upon review, we conclude that Appellant failed to raise his remaining challenges in his post-sentence motion, resulting in waiver on appeal. *See id.* Thus, Appellant complied with the second requirement, but only for his claims alleging that the trial court considered improper factors at sentencing. Hence, we shall confine our review accordingly. Appellant also complied with the third requirement of the four-part test by including a statement in his brief in conformity with Pa.R.A.P. 2119(f). Finally, Appellant presents a substantial question for our review as this Court has previously held that an allegation that the court "considered improper factors in placing the sentence in the aggravated range . . . presents a substantial question on appeal." ***Commonwealth v. Stewart***, 867 A.2d 589, 592 (Pa. Super. 2005) ("Based on [the a]ppellant's assertion that the sentencing court considered improper factors in placing the sentence in the aggravated range, we conclude that [the a]ppellant presents a substantial question on appeal."); ***see also Commonwealth v. Bowen***, 975 A.2d 1120, 1122 (Pa. Super. 2009) (explaining that the appellant's claim that "his aggravated-range sentence was based on an unconstitutional factor" raised a substantial question). Therefore, we proceed to consider the merits of Appellant's discretionary sentencing claim.

Appellate review of a trial court's sentencing determination is governed by Section 9781(c) of the Sentencing Code.

Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the [trial] court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable."

*Bowen*, 975 A.2d at 1123, *citing* 42 Pa.C.S.A. § 9781(c). In reviewing sentencing matters, we are mindful of our well-settled standard of review.

Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill[-]will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009).

Herein, Appellant challenges the trial court's alleged reliance on certain statements made by the victim at sentencing. First, Appellant argues that the victim's statement that another "female in the house believed she would be raped next if she intervened" was "purely speculation and hearsay." Appellant's Brief at 29. Next, Appellant argues that the victim erroneously stated that Appellant was previously convicted of rape in 2005. *Id.* Due to "the inadmissibility and inaccuracy of the [victim's] statements," Appellant argues that "the trial court's consideration of them in fashioning [his] sentence was improper." *Id.* at 31.

With regard to victim impact statements, this Court recently explained:

"The admissibility of evidence, including victim impact evidence, rests with the sound discretion of the trial court."

*Commonwealth v. Bryant*, 67 A.3d 716, 726 (Pa. 2013). The conduct of a sentencing hearing differs from the trial of the case. *Commonwealth v. Medley*, 725 A.2d 1225, 1229 (Pa. Super. 1999). To determine an appropriate penalty, the sentencing court may consider any evidence it deems relevant. *Id.* While due process applies, the sentencing court is neither bound by the same rules of evidence nor criminal procedure as it is in a criminal trial. *Id.*

\*\*\*

The purpose of a victim impact statement is to allow victims of crime to inform the court of how the crime impacted their lives. In 1998, our General Assembly promulgated a Bill of Rights for crime victims which provides them the right:

> "to have opportunity to offer prior comment on the sentencing of a defendant. . . to include the submission of a written and oral victim impact statement detailing the physical, psychological and economic effects of the crime on the victim and the victim's family. The written statement shall be included in any predisposition or presentence report submitted to the court. Victim-impact statements shall be considered by a court when determining the... sentence of an adult."

18 P.S. § 11.201(5) (emphasis [omitted]).

The Supreme Court of the United States stated that the purpose of victim impact evidence is to show the victim's uniqueness as a human being and to illustrate that a particular individual's loss has a distinct effect on society. *Payne v. Tennessee*, 501 U.S. 808, 824 (1991)[.] Similarly, in Pennsylvania, this Court has emphasized that crime victims in the Commonwealth have the "right to breathe life with all its emotion into their victim impact statements." *Commonwealth v. Penrod*, 578 A.2d 486, 491 (Pa. Super. 1989). In other words, the purpose of victim impact statements is to personalize the crime and to illustrate the human effects of it. *Id.*

The text of Section 11.201(5) explicitly identifies three types of information or evidence that the speaker may attest to which are: (1) the defendant's sentencing, (2) the physical, psychological and economic effects on the victim and (3) the victim's family. Additionally, the sentencing court must consider "the gravity of the offense as it relates to the impact

- 8 -

> on the life of the victim and on the community." 42 Pa.C.S. § 9721 (emphasis [omitted]). Hence, the court should consider the information set forth by the victim concerning the sentencing, the impact of the crime on himself or his family, and finally the impact the offense had on the community.

*Commonwealth v. King*, 182 A.3d 449, 455 (Pa. Super. 2018) (parallel citations omitted).

Initially, it must be noted that Appellant does not claim that the victim's statement went beyond the confines outlined above, *i.e.*, Appellant's sentencing and the effect his actions had on the victim and her family. Instead, Appellant challenges the fact that the victim's statement included a reference to another individual's state of mind which, per Appellant, was inadmissible as hearsay. *See* Pa.R.E. 801 (defining hearsay as an out-of-court statement offered for the truth of the matter asserted). As indicated above, however, a sentencing proceeding is not a trial and "the court is not bound by the restrictive rules of evidence." *Medley*, 725 A.2d at 1229. Instead, the "court may receive any relevant information for purposes of determining the proper penalty." *Id.* Hence, Appellant's challenge to the victim's impact statement, insofar as it alleges that the statement contained hearsay, lacks merit.

Moreover, Appellant's allegation that the trial court improperly considered the victim's misstatement that Appellant was previously convicted of rape is meritless, as it is belied by the record. Indeed, prior to issuing Appellant's sentence, the trial court made the following statement:

The presentence report [("PSI")[3]] to which I referred, outlines the conduct by [Appellant] that is violent for a long time. [Appellant] is an intelligent man, and that [is] based on my having interact[ed] with him many times in this room. He [is] also a very big man. And his history demonstrates his use of his size and violent nature over a substantial period of time.

In 2005, he was **accused** of rape and [IDSI] and sexual assault. **He was acquitted on all counts**. In 2006, simple assault, recklessly endangering another person. He was sentenced by Judge Manning of [the Allegheny County Court of Common Pleas]. In 2006, [IDSI] by forcible compulsion in Center County, Pennsylvania. It ended up as a guilty plea to simple assault. In 2009, simple assault . . . guilty plea before Judge Rangos. Two years probation. Century County also imposed a prison sentence of one to two years, substantial amount of credit. In 2014, a guilty plea to a firearm not to be carried without a license. Three years probation and placed on six months of intermediate punishment which translates to house arrest. In 2017, terroristic threats that was withdrawn. In 2017, another gun and assault case. Guilty plea to the assaults [in] Domestic Violence Court with Judge McDaniel.

I believe that he was on probation from that case at the time of the events of this case[.]

N.T. Sentencing Hearing, 9/24/21, at 28-29 (emphasis and footnote added).

Hence, a review of the record indicates that the trial court accurately understood the disposition of prior rape charges filed against Appellant and did not rely on the victim's misstatement in issuing Appellant's sentence. Instead, the trial court reviewed and relied upon the PSI report in issuing Appellant's sentence, which reflected a detailed and accurate summary of his

_____

[3] The PSI in this matter was dated June 28, 2021. N.T. Sentencing Hearing, 9/24/21, at 12. It was created for another case that was previously before the court. *Id.* The court indicated that it reviewed the PSI report "in its entirety in relation to the other case" and "certainly . . . looked at it again when I was told there was a potential plea agreement [herein]." *Id.* at 13.

criminal history. "When a sentencing court is fully informed by the [PSI] report, 'its discretion should not be disturbed.'" ***King***, 182 A.3d at 459, *citing* ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). We therefore conclude that Appellant's claim that the trial court considered improper factors during sentencing lacks merit and is contradicted by the record. We further conclude that the trial court "imposed a lawful sentence free from an abuse of discretion." ***King***, 182 A.3d at 460.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2023