2018 PA Super 61

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHE DONTE KING, | |
| Appellant | No. 680 WDA 2017 |

Appeal from the Judgment of Sentence entered March 29, 2017,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0006852-2015
& CP-02-CR-0016587-2014.

BEFORE: BOWES, J. OLSON, J. and KUNSELMAN, J.

OPINION BY KUNSELMAN, J.:                    FILED MARCH 19, 2018

Appellant, Che Donte King, appeals from the judgment of sentence imposed at two different dockets, after he pled guilty to various drug charges and to a car accident involving death/personal injury and related offenses. In the one case, Appellant struck a pedestrian, Albert Kruszka, on Pittsburgh's South Side; after pausing briefly upon impact, Appellant sped away from the scene. Several days later, Mr. Kruszka died due to the collision. Because the trial judge did not abuse his discretion or commit an error of law in resentencing, we affirm.

After Appellant pled guilty to the charges, the trial court originally imposed an aggregate sentence of 5-10 years of imprisonment, followed by three years' probation. Appellant timely appealed. The trial court appointed

defense counsel to represent Appellant on appeal. In that appeal, defense counsel argued that one of the individual sentences exceeded the statutory maximum. We agreed, vacated the sentence, and remanded for a new sentencing hearing. (Commonwealth v. King, 159 A.3d 600 (Pa. Super. 2016) (unpublished memorandum).

At the resentencing hearing, the trial court notified counsel that it had received an ex parte letter from the deceased victim's wife, Mrs. Kruszka. The court provided a copy to counsel for the parties. Defense counsel objected to the court considering the letter as a victim impact statement, because it contained a personal attack on him, which, according to counsel, exceeded the scope of what a victim impact statement may include. Specifically, the letter stated:

> I will be in your court room on March 29th, along with my sons [], for the resentencing hearing of Che King, a career criminal who killed my husband, Albert Kruszka. I have been told that you sentenced King illegally – considering your knowledge and expertise, this offends my intelligence. Furthermore, [defense counsel] is lining his pockets with taxpayer dollars defending a confessed criminal. Mr. King has waited for March 29, two days after the statute of limitations for further charges. He has a long history of drug use, drug sales, driving without a license, and blatant disregard for the law. Only three [days] before killing my husband, King was stopped in Fayette county. My sons would still have their father if he had been detained. Our lives have been permanently changed for the worst due to this man's recklessness. The penitentiary system gets its name from an act of contrition – Mr. King must pay his penance within the prison system. This is his time to reflect upon the wrongs of his ways, not plot a way out of punishment, so that he can return to

a life of crime. He has not been ordered to pay restitution. With the opioid epidemic costing innocent people their lives, this convicted, confessed heroin dealer has a drug conviction running concurrent with his accidental death conviction. I ask that you consider placing these two sentences consecutively, or for his original sentencing to stay in place. Myself and my sons respectfully request that you aid us in our healing and our journey towards forgiveness by keeping this man off the street as long as possible – and keeping myself, my family and the community safe.

Letter from Mrs. Kruszka (emphasis added).

The trial court overruled counsel's objections and admitted the letter into evidence. The trial court then restructured the sentence to make it legal, and ultimately imposed the same total sentence on Appellant. This second timely appeal followed. Appellant argues that the trial judge erred and/or abused his discretion by considering irrelevant factors during the resentencing.

Appellant challenges the discretionary aspects of his sentence. Such a challenge is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. Commonwealth v. Hanson, 856 A.2d 1254 (Pa. Super. 2004). When an Appellant challenges a discretionary aspect of sentencing, we must conduct a four-part analysis before we reach the merits of the Appellant's claim. Commonwealth v. Allen, 24 A.3d 1059, 1064 (Pa. Super. 2011). In this analysis, we must determine: (1) whether the present appeal is timely; (2) whether the issue raised on appeal was properly preserved; (3) whether Appellant has filed a

statement pursuant to Pa.R.A.P. 2119(f); and (4) whether Appellant has raised a substantial question that his sentence is not appropriate under the Sentencing Code. Id.

Appellant filed a timely notice of appeal, and properly preserved his claim in a post-sentence motion. Additionally, Appellant has complied with Pa.R.A.P. 2119(f). See Appellant's Brief at 21-22. We must therefore determine whether Appellant has raised a substantial question for our review.

A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. Commonwealth v. Ventura, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citations omitted). Here, within his 2119(f) statement Appellant asserts:

> In this case, the sentencing court violated 18 P.S. § 11.201(5) and 42 Pa.C.S. § 9738 as well as the Sixth Amendment of the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution when the sentencing court considered irrelevant factors that were stated in a victim impact statement. See Commonwealth v. Smithton, 631 A.2d 1053, 1057 (Pa. Super. 1993) ("It is an abuse of discretion, as a denial of due process of law, for the sentencing court to consider irrelevant factors during sentencing.")
>
> In this case, the sentencing court overruled the objections of defense counsel to permit a victim impact statement into evidence, which had disparaging remarks against defense counsel. Disparaging remarks against defense counsel are not, nor can they ever be, considered proper victim impact statement material. The acceptance of disparaging remarks against defense counsel are irrelevant and violative of 18 P.S. §11.201(5) and 42 Pa.C.S. § 9738 as well as the Sixth Amendment of the United

- 4 -

States Constitution and Article 1, Section 9 of the Pennsylvania Constitution. The appeal should be granted in this case. See Commonwealth v. Penrod, 578 A.2d 486, 490 (Pa. Super. 1990).

Appellant's Brief at 22-23.

We interpret the arguments in Appellant's Rule 2119(f) statement essentially to assert that in sentencing Appellant, the trial court considered improper factors. This claim raises a substantial question. Commonwealth v. Tobin, 89 A.3d 663, 666 (Pa. Super 2014).[1]

The standard employed when reviewing the discretionary aspects of sentencing is very narrow. Commonwealth v. Koren, 646 A.2d 1205, 1208 (Pa. Super. 1994). We may reverse only if the sentencing court abused its discretion or committed an error of law. Id. Merely erring in judgment is insufficient to constitute abuse of discretion. Commonwealth v. Smith, 673 A.2d 893, 895 (Pa. 1996). A court has only abused its discretion when "the record disclosed that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." Id.

Although he stated only one question on appeal, Appellant actually makes two arguments. First, he argues that the trial court erred in admitting the victim impact statement of Mrs. Kruszka, the victim's wife. Additionally, he argues that the trial court improperly considered this letter when rendering his sentence. We disagree with both arguments.

_____

[1] Appellant does not contend that the trial court's consideration of the victim's wife's letter rendered his sentence illegal.

First, Appellant maintains that the entire letter was inadmissible because it contained one sentence that disparaged defense counsel. Both the Commonwealth and the trial court agreed that the comment about defense counsel was inappropriate, but they maintain that this one line did not render the letter, as a whole, inadmissible. We agree.

"The admissibility of evidence, including victim impact evidence, rests with the sound discretion of the trial court." Commonwealth v. Bryant, 67 A3d 716, 726 (Pa. 2013). The conduct of a sentencing hearing differs from the trial of the case. Commonwealth v. Medley, 725 A.2d 1255, 1229 (Pa. Super. 1999). To determine an appropriate penalty, the sentencing court may consider any evidence it deems relevant. Id. While due process applies, the sentencing court is neither bound by the same rules of evidence nor criminal procedure as it is in a criminal trial. Id.

Here, the Appellant objected to the admissibility of the letter as a whole, under 18 P.S. § 11.201, and 42 Pa.C.S. § 9738. Though not specifically stated, it appears his objection was based on relevance. The trial judge in this case properly noted the distinction between the admissibility of evidence and the weight of the evidence. In ruling on the objection at the sentencing hearing, the court noted "the writer of the letter is permitted to send a letter. Whether we take the substance of [the letter] into account at all would be subject of discussion." N.T., 3/29/17, at 5.

The purpose of a victim impact statement is to allow victims of crime to inform the court of how the crime impacted their lives. In 1998, our General Assembly promulgated a Bill of Rights for crime victims which provides them the right:

> "to have opportunity to offer prior comment on the sentencing of a defendant... to include the submission of a written and oral victim impact statement detailing the physical, psychological and economic effects of the crime on the victim and the victim's family. The written statement shall be included in any predisposition or presentence report submitted to the court. Victim-impact statements shall be considered by a court when determining the... sentence of an adult."

18 P.S. § 11.201(5) (emphasis added).

The Supreme Court of the United States stated that the purpose of victim impact evidence is to show the victim's uniqueness as a human being and to illustrate that a particular individual's loss has a distinct effect on society. Payne v. Tennessee, 501 U.S. 808, 824 (1991), Similarly, in Pennsylvania, this Court has emphasized that crime victims in the Commonwealth have the "right to breathe life with all its emotion into their victim impact statements." Commonwealth v. Penrod, 578 A.2d 486, 491 (Pa. Super. 1989). In other words, the purpose of victim impact statements is to personalize the crime and to illustrate the human effects of it. Id.

The text of Section 11.201(5) explicitly identifies three types of information or evidence that the speaker may attest to which are: (1) the defendant's sentencing, (2) the physical, psychological and economic effects

on the victim and (3) the victim's family. Additionally, the sentencing court must consider "the gravity of the offense as it relates to the impact on the life of the victim and on the community." 42 Pa.C.S. § 9721 (emphasis added). Hence, the court should consider the information set forth by the victim concerning the sentencing, the impact of the crime on himself or his family, and finally the impact the offense had on the community.

Appellant argues that only sentiments that strictly express "how the crime has impacted [the victim]" fall within the parameters of victim impact evidence. Appellant's Brief at 31. Here, the Appellant challenges the entirety of Mrs. Kruszka's letter, contending that "there is nothing in the … letter that actually expresses anything that could remotely be construed as a statement of how the crime impacted on the family of victim." Id. at 31-32. We disagree.

First, the Supreme Court of Pennsylvania has found that certain victim impact evidence was admissible even when such evidence was not explicitly within the four corners of the victim impact statement statute. For example, evidence of the victim's good character and community service was admissible, although the statute does not specifically provide for such evidence. See, Commonwealth v. Flora, 988 A.2d 606, 635, (Pa. 2010).

The information and evidence presented within a victim impact statement need not be so restricted to fit squarely within the "physical, psychological, and economic" impacts of the crime. These statements are meant to show the way the ripple effects of crimes impact both individual

lives, and the community as a whole. To appreciate fully the gravity of a crime, human elements must be considered. Mrs. Kruszka's letter does just this, and provides sentiments such as, "My sons would still have their father if [Appellant] had been detained. Our lives have been permanently changed for the worst due to this man's recklessness."

For the foregoing reasons, this court cannot agree with Appellant that the content of victim impact is limited to only the most carefully chosen words that neatly describe the impact of the crime on the family member testifying. Neither can we agree that the entirety of Mrs. Kruszka's letter fell outside of the parameters of 18 P.S. § 11.201. Even if victim impact testimony strays out of the expressed bounds of the statute, so long as it fulfills the purpose of victim impact evidence, (i.e. if it details the victim's uniqueness or shows the impact of the person's loss on society), and the presiding judge deems it relevant, then it falls within the purview of § 11.201(5).

Appellant also contends that the admission of Mrs. Kruszka's letter violated Section 42 Pa.C.S. § 9738, titled "Victim Impact Statements." This statute serves to "limit the sequestration of crime victims at trial, providing that victims cannot be ordered sequestered from trial merely because they may later make victim impact statements at sentencing." Commonwealth v. Ali, 149 A.3d 29, 33-34 (Pa. 2016). Although Appellant mentions this statute, he fails to develop any argument as to how the statute is implicated

in this case. Thus, we find this argument is waived. See Commonwealth v. Hardy, 918 A.2d 766, 771 (Pa. Super. 2007).

Finally, Appellant argues that the admission of this letter violated his right to counsel under Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. He states, "There is nothing in the job description [of defense counsel] under the provisions of the United States and Pennsylvania Constitutions that mandate counsel be subjected to harassment and/or derogatory remarks by a family member of a victim. Such insulting remarks in this case affected the representation that was due to Appellant [under the Constitution]." Appellant Brief, at 36.

Appellant fails to specify how the representation provided by counsel was rendered ineffective. A general allegation of harm is insufficient in the absence of a link to the specific constitutional violation being asserted. Johnson v. Am. Std., 966 A.2d 573, 578 (Pa. Super. 2009) (citing Commonwealth v. City of Philadelphia, 838 A.2d 542, 577 (Pa. 2003)). While counsel was obviously upset about the remark in the letter, we cannot presume, without specifics, that this negatively affected his ability to provide competent legal representation so as to warrant another resentencing hearing. Appellant's arguments regarding the Constitutions are without merit, because he failed to explain how the admission of the letter affected his Sixth Amendment Rights.

Appellant argues that such comments have no place at a sentencing hearing and that the inclusion of such a remark should automatically justify a new sentencing hearing. Appellant maintains that "personal attacks toward the parties, the lawyers and the court should never be condoned or ignored." Appellant's Brief at 32. The real crux of Appellant's argument is actually not with the entire letter, but with the one sentence disparaging defense counsel.[2]

To support his argument, Appellant relies on Commonwealth v. Garcia, 712 A.2d 746 (Pa. 1977). In that case, the Commonwealth violated 42 Pa.C.S. § 5918, when it cross-examined a criminal defendant about his prior criminal record. The defense counsel objected, but the objection was overruled. The Supreme Court of Pennsylvania remanded for a new trial, finding that the statute clearly prohibited asking a defendant about his prior crimes, except under limited circumstances, which did not apply. Id. at 749. The court found that to deem the error harmless would render the statute a nullity. Id.

Garcia is not analogous here for several reasons. First, the error complained of in Garcia occurred during the guilt phase of the trial. As we previously discussed, a criminal trial differs from the sentencing hearing.

_____

[2] The trial judge could have redacted this comment from the letter, but Appellant did not ask him to do so. In the context of a sentencing hearing, before a judge as opposed to a jury, such an action would not have made a difference, other than to formally recognize that such a comment was not appropriate.

Second, the error occurred before a jury, not a judge. Third, the statute at issue in Garcia specifically prohibited such evidence. Here, 18 P.S. § 11.201, regarding victim impact statements, does not specifically prohibit remarks about defense counsel. Thus, we do not believe the inclusion of such a comment automatically warrants a new sentencing hearing.

Appellant seeks a rule that the inclusion of any disparaging remarks against counsel in a victim impact statement is per se a violation of law. While we agree that attacks on counsel have no place in a sentencing hearing, and that trial judges should play an active role in curtailing such comments, we do not agree that these comments automatically render a sentencing hearing improper, or that the admission of the letter played a role in this case.

The trial judge is the gatekeeper of information in the courtroom. Lower Makefield Twp. v. Lands of Dalgewicz, 67 A.3d 772, 778 (Pa. 2013). As such, trial judges need to be mindful of and curtail any attacks on defense counsel. [3] Although victim impact evidence affords generous leeway for information regarding the victim and the emotional repercussions of the

_____

[3] Our comments are not meant to criticize the trial judge in this case, but offered solely to assist trial judges who may face similar attacks on defense counsel in the future. We also note that, in this case, the letter was sent directly to the judge and did not go through the district attorney's office. Defense counsel noted that the assistant district attorney would never have submitted the letter to the court as it was written. Appellant Brief, at 26, n.11. In addition to the trial judge, the district attorney also can play an important role in curtailing attacks on defense counsel, by similarly instructing victims not to vent their anger and frustration on the lawyer who is representing the defendant.

crime, statements involving attacks on defense counsel are not proper. The judge can redact disparaging remarks from letters, and redirect victims who make such statements during live testimony.

When the opportunity arises, the trial judge may want to educate the public on the important role of defense counsel in a criminal case, and inform them that the Sixth Amendment affords the right to counsel to all persons, regardless of the type of crime or the evidence against them. The judge can remind those in the courtroom that defense lawyers are doing their job to uphold the Constitution and fulfill their oath as officers of the court.

A trial judge may even instruct the victims and family members, before they begin to testify, about the purpose of a victim impact statement and inform them that they may present evidence for the purpose of conveying how the crime has impacted the victim, their family, and society, and that, while they are free to speak about the defendant, any disparaging remarks about the defense lawyer are out-of-bounds and will not be tolerated. A criminal defendant's right to a counsel is one of the bedrocks of our Constitution, and the court plays an important role in protecting that right.

We recognize that court proceedings can be exhausting both physically and emotionally on the victim and the family. However, these hardships are not attributable to defense counsel.

We are also mindful of the difficult role of defense attorneys who must defend their clients vigorously in adversary proceedings. These clients may

be facing very serious penalties and are often despised by victims, their families and the general public.

We note that failure to contain disparaging remarks about defense counsel could implicate their safety.[4] During oral argument, defense counsel emphasized that victim impact statements could potentially inflame the spectating public. While the defendant is frequently escorted safely out of the courtroom under the protection of law enforcement, the defense attorney has no such security, and must leave the courtroom, using the same hallways as the victims and their families. If disparaging or threatening remarks about counsel are permitted during emotionally charged sentencing hearings, it

_____

[4] The safety of defense counsel cannot be understated or ignored. For example, while this appeal was pending, a trial judge in Michigan was sentencing a physician who sexually abused at least 160 female athletes, including many Olympic gymnasts. Many of the victims in that case gave highly emotional victim impact evidence that went viral. One of the victims rebuked the defense attorney in her statement, implying the attorney was only representing the defendant for notoriety and money. Following that remark, that defense attorney and one of her colleagues in the case have received numerous death threats to themselves and their children. Tresea Baldas, Larry Nassar's lawyer gets death threats in MSU sex abuse case: 'It's been insane,' Detroit Free Press (Jan. 31, 2017).

As a follow-up to this incident, a criminal defense attorney in Michigan wrote an opinion column, signed by over 300 criminal defense attorneys, in support of the physician's lawyer. In this column, the lawyer observed, "The role of defense attorneys is crucial to our system of justice. Our nation's founders believed our job was of such importance that it was enshrined in our Constitution. It is defense attorneys who hold the government and our courts accountable. Without defense attorneys, there is no rule of law." Mary Chartier, Opinion: Larry Nassar's attorney was criticized – but here's why I support her, Detroit Free Press (Feb. 1, 2018).

could enrage those in attendance and put defense attorneys in harm's way. The court has an interest in keeping attorney's safe in the course of performing their duty as advocates. Thus, although we find the letter in this case was admissible, we do not condone the negative comment about defense counsel, and we encourage trial courts to play an active role in eliminating such remarks.

Absent an abuse of discretion this Court will not disturb a trial court's admission of testimony under 18 P.S. §11.201(5). Commonwealth v. Ali, 112 A.3d 1210, 1213 (Pa. Super. 2015). We cannot conclude that the trial court abused its discretion by admitting Mrs. Kruszka's letter into evidence. The majority of the letter fell well within the parameters of a proper victim impact statement and served to put a human face on the harm the crime caused. Therefore, we conclude the trial court did not abuse its discretion in admitting the letter.

We turn now to the second part of Appellant's argument, that the trial court improperly considered the letter in rendering the sentence in this case. Appellant asserts that the victim impact statement caused the sentencing court to: (1) contemplate imposing a consecutive sentence in violation of the plea agreement, and (2) fail to consider reducing Appellant's sentence due to his HIV status. The Commonwealth conceded that Mrs. Kruszka's attack on defense counsel was "improper." Commonwealth Brief at 24. However, it

argues that the trial judge was not improperly influenced in his sentencing decision by this information.

We are not persuaded that one line about defense counsel contained in a single victim impact statement, improperly influenced the trial judge in this case. We have recognized before that "inflammatory statements, while having a prejudicial effect on lay people such as jurors, are unlikely to have a significant effect on an experienced trial judge as here." Commonwealth v. McLaughlin, 574 A.2d 610, 615 (Pa. Super. 1990).

The trial judge explained his view of the letter as follows:

> The third sentence of the letter does criticize defense counsel unfairly and inappropriately. However, the majority of the letter contains information commonly set forth in victim impact statements and somewhat mirrors information set forth in the presentence report. It should be noted that this Court appointed defense counsel to this case and, therefore, this Court disregarded the unfair criticism of defense counsel because it was not appropriate and because it was contrary to his Court's opinion of defense counsel and his role in providing the legal representation to which the defendant is entitled.

Trial Court Opinion, 6/29/17, at 4, n.2.

In formulating his decision at the resentencing hearing, the trial court judge stated that he relied on "the circumstances of this case, the information contained in the presentence report, including the victim impact statements, information presented at the defendant's sentencing and resentencing hearings, and the defendant's extensive criminal history." Id. at 5.

When a sentencing court is fully informed by the presentence report, "its discretion should not be disturbed." Commonwealth v. Devers, 546

A.2d 12, 18 (Pa. 1988). In instances where the judge had even the slightest awareness of the sentencing guidelines, this court must presume that a meaningful balancing process took place. Id.

In sum, we are confident that the sentencing court was not unduly prejudiced by Mrs. Kruszka's attack on defense counsel, but rather imposed a lawful sentence free from an abuse of discretion. The trial court judge provided adequate and sound reasoning for the sentence imposed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/19/2018