**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THEODORE LEGGETT | : | |
| | : | |
| Appellant | : | No. 1984 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 29, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0010053-2017

BEFORE:  NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 16, 2023**

Theodore Leggett (Appellant) appeals *nunc pro tunc* from the judgment of sentence entered after a jury convicted him of possession of a firearm by a person prohibited.[1]  We affirm.

The trial court summarized the following testimony presented at trial:

[] <u>Philadelphia Police Officer Brian Gable</u>

The first witness for the Commonwealth was Philadelphia Police Officer Gable, who testified as follows.  On July 16, 2017, while on patrol in a marked police vehicle, Officer Gable received a radio call that a man was being beaten up inside a home by two (2) black males armed with guns.  He arrived at the scene shortly thereafter and observed Appellant, who matched the description of one of the males from the radio call, walking down the street.  At the same time, Officer Gable observed a man with a torn shirt who yelled, screamed, pointed toward Appellant and said, "that's the male that robbed me."  Officer Gable made a U-turn to catch up with Appellant, then observed him reach into his waistband,

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

remove a firearm, point it downward at his side, and drop it onto the street. Officer Gable caught up to Appellant and subsequently arrested him. Officer Gable also recovered the firearm, a black Jimenez .380 semiautomatic handgun, from the street where Appellant had just discarded it moments before he was stopped. Officer Gable checked the firearm to ensure that it was safe and found that there was no ammunition inside it. N.T. 1/16/2019, at 30-48.

[] Leticia Buchanan

The second and final witness for the Commonwealth was Leticia Buchanan …. The Commonwealth and trial counsel for Appellant stipulated that Ms. Buchanan was an expert in the areas of firearms identification and operability. Ms. Buchanan testified that she was a firearms examiner with the Philadelphia Police Department and was responsible for testing firearms. In this case, she was asked to examine and test the firearm that was recovered from the street after it was discarded by Appellant just prior to his arrest. Ms. Buchanan testified her testing of the firearm revealed that it was fully operational. *Id.* at 71-77.

[] Stipulations

The Commonwealth and trial counsel for Appellant stipulated that Appellant was previously convicted of a criminal offense in 1995 which made him ineligible to possess any firearm pursuant to 6105 of the Uniform Firearms Act. *Id* at 77.

Trial Court Opinion, 11/28/22, at 3-4.

After a two-day trial, the jury convicted Appellant of possession of a firearm by a person prohibited. The trial court, with the benefit of a pre-sentence investigation (PSI) report, sentenced Appellant to 7½ - 15 years in prison.[2] Counsel for Appellant "attempted to file a post-sentence motion for

_____

[2] Appellant's sentence is below the mitigated range of the sentencing guidelines and the Commonwealth's requested sentence of 9 - 18 years.

reconsideration of sentence but failed to pay for it, resulting in the motion not being entered." Trial Court Opinion, 11/28/22, at 5. Nonetheless, the trial court considered the motion, which it denied on May 14, 2019. Appellant timely appealed.

On appeal, Appellant claimed the trial court considered inappropriate sentencing factors. *Commonwealth v. Leggett*, 248 A.3d 941 (Pa. Super. 2021) (unpublished memorandum at 2). This Court found Appellant waived the issue by not including it in his Pa.R.A.P. 1925(b) concise statement. *Id.* (unpublished memorandum at 4). Accordingly, we affirmed Appellant's judgment of sentence. *Id.*

On January 20, 2022, Appellant timely filed a *pro se* Post Conviction Relief Act (PCRA)[3] petition followed by a counseled petition. Appellant claimed his trial counsel was ineffective for failing to preserve Appellant's sentencing issue. The Commonwealth did not oppose the reinstatement of Appellant's direct appeal rights. On July 18, 2022, the PCRA court granted the requested relief.[4] Appellant filed a notice of appeal on August 2, 2022. On October 6, 2022, the PCRA court entered an order expressly reinstating Appellant's direct appeal rights. PCRA Court Order, 10/6/22. Thus, the appeal is properly before us. *See* Pa.R.A.P. 905(a) (providing that notice of appeal filed after

---

[3] *See* 42 Pa.C.S.A. §§ 9541-9546.

[4] Although this Court requested a copy of the order from the trial court, a copy has not been located.

announcement of a ruling, but before entry of the order, "shall be treated as filed after such entry and on the day thereof."). Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents two questions for review:

1. Did the trial court err, abuse its discretion, and/or make a mistake of law in considering the uncharged crime of robbery when sentencing Appellant?

2. Did the trial court err, abuse its discretion, and/or make a mistake of law in the situation where Appellant was sentenced as a repeat violent offender[5] and the [c]ourt considered as an additional sentencing factor his past convictions?

Appellant's Brief at 6 (questions reordered, footnote added).

Appellant's issues implicate the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence is not appealable as of right, and is more properly considered a request for permission to appeal:

Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [*see* Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements we will then proceed to decide the substantive merits of the case.

_____

[5] "Repeat Violent Offender Category [REVOC]" is the Prior Record Score category set forth at 204 Pa. Code § 303.4(a)(1).

*Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014) (citation omitted, brackets in original).

Appellant has satisfied the above requirements. He (1) timely filed his *nunc pro tunc* appeal; (2) preserved his claims in his post-sentence motion; and (3) included in his brief a Rule 2119(f) statement. Appellant also presents a substantial question. *See Commonwealth v. Ali*, 197 A.3d 742, 760 (Pa. Super. 2018) (recognizing claim that sentencing court relied on impermissible factors raises a substantial question). We therefore address the merits of Appellant's issues.

Preliminarily, we recognize that sentencing is "vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Barnes*, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted).

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the trial court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted).

Appellant first argues the trial court improperly considered an uncharged robbery at sentencing. Appellant's Brief at 11-12. Appellant references the trial testimony of Officer Gable, who stated:

> I observed [Appellant]. I'm still driving. I noticed something but I'm still driving to 1908 East Cambria Street. But as I was going

through the intersection, a witness was on the corner of Kensington and Cambria on the east side of the corner. **He was very excited, jumping up and down, pointing at the male, yelling, "That's the male who robbed me, that's the male who robbed me."** At that point I proceeded to make a U-turn because [Appellant] was already past my car and being that the flash [radio report] that we had was two black males with both having firearms, I tried to keep my eye on him right away. As I'm making the U-turn, I can see him pulling from his waistband area with his right hand. He had a black firearm…

*Id.* at 11 (emphasis added) (quoting N.T., 1/16/19, at 34-35). According to Appellant, the trial court considered the aforementioned uncharged robbery at sentencing. *Id.* at 12. Appellant bases his assertion on the following statement by the trial court:

So I believe this [sentence] is appropriate under the specific facts and circumstances of this case which is why I'm going below the guidelines. Although this was a robbery, I think allegedly in the beginning, there was no robbery testimony presented, and the Commonwealth did not move on robbery, even if they could have … under [the] excited utterance [hearsay exception] or the police testimony, and therefore, I believe that the guidelines call for a lesser sentence than the standard, which would be 10 to 20 [years in prison], and that's why I'm going to 7½ to 15. Credit for time served.

*Id.* at 12-13 (quoting N.T., 4/29/19, at 19).

In considering Appellant's argument, we are mindful that

[w]hile sentencing discretion is broad, the trial court's discretion is not unfettered. When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. And, of course, the court must consider the sentencing guidelines. The sentence should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact

on the life of the victim and on the community, and the rehabilitative needs of the defendant.

***Commonwealth v. Bowens***, 265 A.3d 730, 764 (Pa. Super. 2021) (citations and quotation marks omitted).

"To determine an appropriate penalty, the sentencing court may consider any evidence it deems relevant." ***Commonwealth v. King***, 182 A.3d 449, 455 (Pa. Super. 2018). However,

> the court violates the defendant's right to due process if, in deciding upon the sentence, it considers unreliable information, or information affecting the court's impartiality, or information that it is otherwise unfair to hold against the defendant. Information outside of the record, not subject to review and dispute by the parties, is not properly considered.

***Id.*** (citations and quotation marks omitted).

Instantly, the record does not support Appellant's claim. The trial court explained it "only referenced the uncharged crime of Robbery when sentencing Appellant to explain its **downward** departure from the sentencing guidelines." Trial Court Opinion, 11/20/22, at 11 (emphasis added). The court also pointed out that evidence of the robbery was presented at trial:

> Philadelphia Police Officer Brian Gable's testimony during trial provided necessary evidentiary proof to link Appellant to the conduct. Officer Gable testified that on July 16, 2017, while on patrol in a marked police vehicle, he received a radio call that a man was being beaten up inside a home by two (2) black males armed with guns.
>
> He arrived at the scene shortly thereafter and observed Appellant, who matched the description of one of the males from the radio call, walking down the street. At that same time, Officer Gable observed a man with a torn shirt who yelled, screamed, pointed toward Appellant and said, "that's the male that robbed me."

- 7 -

Officer Gable then made a U-turn to catch up with Appellant at which time he observed Appellant reach into his waistband, remove a firearm, point it downward at his side, and drop it onto the street. Officer Gable then caught up to Appellant and subsequently arrested him.

Not only did Officer Gable testify that the assault victim pointed to Appellant and stated he was the person who assaulted and robbed him, but there was also a video presented during trial to corroborate his statements. There was therefore testimony which provided evidentiary proof linking Appellant to the uncharged crime of Robbery. [The trial court] properly could have considered the conduct as a factor in sentencing.

Trial Court Opinion, 11/20/22, at 11-12. We agree. Thus, Appellant's first lacks merit.

In his second issue, Appellant asserts the trial court improperly sentenced him as a repeat offender, and "considered as an additional sentencing factor his past convictions[.]" Appellant's Brief at 14. Appellant argues his criminal history was factored into the sentencing guidelines and, therefore, the trial court erred in sentencing under the REVOC. *Id.* According to Appellant, the trial court double-counted factors already taken into account by the guidelines. *Id.* Appellant quotes the trial court stating:

I don't think [] that is necessarily appropriate here when doing individual sentencing. You do have a bad record and especially from [the] 1996 incident and some other things cited by the Commonwealth. I find it hard to believe that you didn't know that you couldn't possess a gun because I'm sure state parole told you …. [T]he problem with the guns is they get used[;] even though there were no bullets in this [gun], they can easily be gotten.

*Id.* at 15 (quoting N.T., 4/29/19, at 19).

- 8 -

Appellant argues, "In fashioning its sentence, the court relied on [Appellant's] 'bad' record, as well as a 1996 conviction, as factors upon which it imposed the sentence." *Id.* at 15-16. Appellant claims this "double counting is not permitted as a matter of Pennsylvania law." *Id.* at 16.

To the contrary, the trial court explained:

Appellant was appropriately identified under the Prior Record Score Categories in 204 Pa. Stat. Ann. 303.4 as a REVOC and this [c]ourt was well within the confines of the law when it considered during sentencing Appellant's prior convictions as outlined in Appellant's presentence investigation ….

For Appellant to be properly categorized as a REVOC, he first needed to have two (2) or more previous four-point convictions or adjudications. Here, Appellant had a juvenile adjudication of delinquency to Rape, a felony of the first degree, and a conviction of Aggravated Assault, a felony of the first degree, both of which were four-point offenses. Additionally, Appellant's current conviction needed to carry an Offensive Gravity Score of nine (9) or higher. As Appellant's conviction of Persons Not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms carried an Offense Gravity Score of eleven (11), Appellant was appropriately categorized as a REVOC.

Trial Court Opinion, 11/20/22, at 9-10. The court further stated:

During Appellant's sentencing, [the court] considered several different factors in fashioning Appellant's sentence:

I've considered the presentence [investigation report], mental health reports, prior record score, the facts, and circumstances of this case as well as the sentencing guidelines, the [S]entencing [C]ode, what the attorneys have had to say as well as what [Appellant] has had to say. And what I'm going to do is … I'm going to give a sentence of 7½ to 15 years, which is below the guidelines, and I'm taking into account the facts and circumstances of this case and what occurred.

N.T. 4/29/2019, at 17-18. … [The c]ourt explained that a guidelines sentence was not "necessarily appropriate" despite Appellant's "bad record," which included a 1996 incident in which Appellant was convicted of Aggravated Assault and other related charges.

*Id.* at 10. Finally, the trial court recognized Appellant's prior convictions were factored into his prior record score:

As [the c]ourt previously explained, Appellant's prior record score was properly calculated as a REVOC. The record thus reflects that [the c]ourt properly considered Appellant's prior convictions in conjunction with Appellant's mental health report, the facts and circumstances of the case the sentencing guidelines, the purposes of the sentencing code, arguments from counsel, and what Appellant said to the [c]ourt….

*Id.* at 10-11.

Upon review, we discern no error or abuse of discretion by the trial court's consideration of Appellant's criminal record. Appellant's second issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2023

- 10 -