J-S44016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
FRARLAN CENO :
:
Appellant : No. 607 EDA 2025

Appeal from the Judgment of Sentence Entered November 7, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005200-2023

BEFORE: LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 16, 2026**

Appellant, Frarlan Ceno, appeals from the November 7, 2024 judgment of sentence entered in the Philadelphia County Court of Common Pleas. Appellant challenges the discretionary aspects of his sentence following his convictions for Terroristic Threats and Harassment.[1] After careful consideration, we affirm.

The trial court set forth the relevant facts as follows:

On June 7, 2023, at approximately 7:37 P.M., Cenery Guzman, after arriving at her home, was physically abused by her former romantic partner, Jeffrey Cenedo. Following the abuse, Ms. Guzman called her mother and the police to report it. When she attempted to leave her home, Appellant, Mr. Cenedo's brother, blocked the doorway, preventing her from leaving. Eventually, Ms. Guzman was able to exit her residence and file a police report. On June 28, 2023, Ms. Guzman was at her place of business when she received a phone call from the District Attorney's Office advising her to close for the day. As Ms. Guzman waited outside

_____

[1] 18 Pa.C.S. §§ 2706(a)(1), 2709(a)(1), respectively.

of her store, Appellant drove by, slowed down his vehicle, rolled down his window and yelled at Ms. Guzman, "I'm going to assassinate you and your mom tonight, you daughter of a bitch."

Trial Ct. Op., 4/3/25, at 1-2. Following a September 4, 2024 bench trial, the trial court granted Appellant's motion for judgment of acquittal as to Retaliation Against a Witness but found Appellant guilty of Terroristic Threats and Harassment.

On November 7, 2024, the court presided over a sentencing hearing, during which the court acknowledged receiving the Presentence Investigation Report ("PSI"). N.T. Sent., 11/7/24, at 5. At the hearing, counsel for the Commonwealth and Appellant agreed that Appellant had a prior record score of zero and an offense gravity score of 3 for Terroristic Threats, which resulted in a standard range sentence of restorative sanctions ("RS") to one month of incarceration.[2] *Id.* at 5-6. Despite the prior record score of zero, the court observed that Appellant had been convicted of "assault" in 2019, which Appellant did not dispute.[3] *Id.* at 7.

_____

[2] *See* 204 Pa. Code 303.16(a)(providing for a standard range sentence of RS to one month, with a mitigated/aggravated range of -/+ 3 months, and a recommended sentence of one year of probation). The parties and the court did not expressly state the mitigated and aggravated range or the guideline recommended sentence of one year of probation at the hearing.

[3] Appellant's 2019 conviction for Simple Assault would not have impacted his prior record score of zero unless he had two or more prior misdemeanor convictions. *See* 204 Pa. Code § 303.7(a)(5) (addressing calculation of prior record score for "other misdemeanor offenses"), 303.15 (designating "§ 303.7 Prior Record Score Points" for crimes including Simple Assault). While the court also referenced Appellant's prior conviction for Possession of an Instrument of Crime, the court and parties do not dispute his prior record score of zero. Trial Ct. Op. at 4.

As relevant to Appellant's first issue, the court explained its refusal to impose a "short" sentence of probation as requested by Appellant based upon the 2019 assault, which the court viewed as "the same kind of thing" as the current charges. *Id.* The Commonwealth responded in agreement but expanded the discussion to encompass uncharged conduct involving Victim, specifically asserting that Appellant and his brother "have really made this complainant's life a living hell for the past two years, essentially, with these types of contacts." *Id.* at 8. Appellant's counsel objected to the Commonwealth's "commentary" about Appellant's brother and emphasized that Appellant had been acquitted of witness intimidation. In response, the court stated that the prosecutor was "allowed to say what he wants to say in sentencing[,]" further noting that Appellant was "not a choir boy." *Id.* at 9.

As relevant to Appellant's second issue, the Commonwealth argued for "a longer period of probation especially given the fact that with good behavior he could be serving half of the probationary sentence," to which the court responded, "That's exactly right." *Id.* at 10.

At the conclusion of the hearing, the court sentenced Appellant to 5 years of reporting probation for Terroristic Threats, with no further penalty for Harassment.[4] *Id.* In imposing the sentence, the court observed that

_____

[4] The court imposed the maximum term of probation for a first-degree misdemeanor. *See* 18 Pa.C.S. § 1104 (setting five years of incarceration as the maximum sentence for a first-degree misdemeanor); 42 Pa.C.S. § 9754 (instructing that a term of probation "may not exceed the maximum term for which the defendant could be confined").

Appellant had previously completed a two-year probationary sentence for the 2019 Simple Assault, which the court viewed as exhibiting the same behavior as in the instant case as both involved putting "somebody else at fear[.]" *Id.* at 16. Opining that Appellant had not learned from his prior probationary sentence, the court imposed a five-year term of probation, but noted that, under the "new Probation Reform Act[,]" Appellant could petition for early termination in "2 and a half years" if he abides by the terms of his probation.[5] *Id.* at 17.

Appellant filed post-sentence motions challenging, *inter alia*, the discretionary aspects of his sentence, which the court denied on February 13, 2025. On February 25, 2025, Appellant filed a notice of appeal, after which Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following questions on appeal:

1. Did the lower court err when it improperly considered evidence from its own judgment of acquit[t]al upon objectioned commentary from the Commonwealth?

2. Did the lower court err when it improperly aggravated the sentence by misapplying possibil[i]ty for the future eligibil[i]ty of early termination based on good behavior under revised Act 44 and the sentence should be vacated?

_____

[5] The Probation Reform Act, also referenced as "Act 44," became effective in June 2024. 42 Pa.C.S. § 9774.1(b)(1). In relevant part, it provides that when a court imposes a probationary sentence on a defendant for a misdemeanor, "the defendant shall be eligible for an initial probation review conference after completing two years of probation or 50% of the probation sentence, whichever is sooner." *Id.* Thus, the sentencing court misspoke in suggesting that Appellant could petition for termination after 2½ years. Rather, as the statute provides for the "sooner" of two years or 50% of the sentence, Appellant could petition after two years of probation.

Appellant's Br. at 3 (suggested answers omitted).

Both of Appellant's questions challenge the discretionary aspects of his sentence. It is well-established that challenges to the discretionary aspects of a sentence "are not appealable as of right." ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting "a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b)." ***Leatherby***, 116 A.3d at 83 (citation omitted). Our review confirms that Appellant complied with the first three requirements. Accordingly, we consider whether his claims raise a substantial question.

An appellant "presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citation and internal quotations marks omitted). In both of his questions, Appellant argues that the trial court relied on improper factors, specifically claiming that the court erred in considering charges for which the court had acquitted

- 5 -

Appellant and the potential early termination of his probation. In so doing, Appellant has raised substantial questions. *See Commonwealth v. King*, 182 A.3d 449, 454 (Pa. Super. 2018) (recognizing that a claim challenging a sentence court's reliance on improper factors raises a substantial question). Accordingly, we turn to the merits of Appellant's claims.

We reiterate that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (citation omitted). To demonstrate an abuse of discretion, the defendant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (citation omitted).

In sentencing a defendant, a trial court should consider the following factors: "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). We defer to the sentencing court's assessment of the sentencing factors as it is "in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." *Commonwealth v. Summers*, 245 A.3d 686, 696 (Pa. Super. 2021) (citation omitted).

With respect to sentences within the sentencing guidelines, the Sentencing Code instructs that an appellate court should affirm unless "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). Section 9781(d) provides that this Court "shall have regard for: (1) [t]he nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) [t]he opportunity of the sentencing court to observe the defendant, including any presentence investigation[;] (3) [t]he findings upon which the sentence was based[; and] (4) [t]he guidelines promulgated by the commission." **Id.** at § 9781(d). When the sentencing court has the benefit of a PSI, "we presume that [it] was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors" when imposing the sentence. **Commonwealth v. Sexton**, 222 A.3d 405, 422 (Pa. Super. 2019) (citation omitted).

In his first issue, Appellant claims that the trial court erred in considering Victim's allegations of witness intimidation, for which the court had acquitted Appellant, and the Commonwealth's assertions that Appellant and his brother had made Victim's life "a living hell for the past two years[.]" Appellant's Br. at 16-19. Thus, Appellant asserts that the court relied on improper factors in sentencing Appellant. **Id.**

We conclude that this issue warrants no relief as the record does not support Appellant's claims. Our review of the record demonstrates that the court did not impose the longer probationary term based on conduct for which

the court acquitted Appellant or other uncharged allegations. Rather, the court imposed the sentence due to Appellant's 2019 conviction for simple assault and the court's determination that Appellant's prior two-year probationary sentence had not rehabilitated him. As the court subsequently explained, it imposed the higher sentence based upon its concern that "the victim and the community needed protection from Appellant's pattern of violent behavior." Trial Ct. Op. at 8. We conclude that the court did not abuse its discretion in rendering Appellant's sentence. Rather, it considered the "protection of the public" as well as Appellant's "rehabilitative needs," as required by 42 Pa.C.S. § 9721(b).[6]

In his second issue, Appellant contends that the court erred in "impermissibly factor[ing] Appellant's future eligibility [under Act 44] for a probation review conference as justification" for imposing an aggravated range sentence. Appellant's Br. at 11, 20-22 (some capitalization omitted). Appellant argues that potential early termination is an "impermissible reason to lengthen a sentence imposed[.]" *Id.* at 22.

We conclude that Appellant waived this issue as he fails to provide any relevant authority supporting his claim that the court could not consider the Sentencing Code's provision for early termination of probation. We reiterate

_____

[6] In its opinion, the trial court incorrectly referenced the imposed sentence as being a "within the standard range of the sentencing guidelines," rather than in the aggravated range. Trial Ct. Op. at 7. Regardless of the mischaracterization, the court and the parties confirmed that the standard range sentence was RS to one month during the sentencing hearing, and the court amply stated its reasoning for the sentence during the hearing.

that it "is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record[,] and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (internal citation omitted), **see also** Pa.R.A.P. 2119 (listing argument requirements for appellate briefs).

As neither of Appellant's issues warrants relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/16/2026