J-A04031-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM L. WHITCOMB | : | |
| | : | |
| Appellant | : | No. 536 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 26, 2025
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000630-2024

BEFORE: PANELLA, P.J.E., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED MARCH 24, 2026**

William L. Whitcomb ("Whitcomb") appeals from the judgment of sentence imposed following his guilty plea to involuntary deviate sexual intercourse ("IDSI") with a child.[1] We affirm.

In 2024, nine-year-old M.H. informed her mother that Whitcomb, "a very close friend of the family" and "uncle" to M.H. and her siblings, had sexually assaulted her while he was staying in their home. Affidavit of Probable Cause, 4/4/24, at unnumbered 6. Specifically, M.H. told her mother that Whitcomb: "pulled her pants down and said, 'you have a pretty vagina,' . . . stuck his fingers inside of her vagina[,] and 'used his tongue.'" ***Id***. As a result, M.H.'s mother immediately reported the incident to police, who referred M.H. to the Children's Advocacy Center ("CAC") for a forensic interview.

---

[1] ***See*** 18 Pa.C.S.A. § 3123(b).

While at the CAC, M.H. informed her interviewer that Whitcomb "lived with [her] and her family[,] and [that] things happened [during this time] that were not ok." *Id*. at 7. M.H. relayed that on one occasion, she was sleeping in her brother's room, due to the fact that "she was afraid to sleep in her room alone[,]" when she woke up to Whitcomb "doing the 'bad thing' [and using] his fingers on her skin, both inside and outside of her front private part." *Id*. M.H. explained that this made her feel scared and that it caused her to get up and use the bathroom to escape the situation. On another occasion, M.H. recalled sleeping in her other brother's bedroom when she was once more woken up by Whitcomb doing "the bad things again[,]" using his tongue on her "front private part outside and inside her body" and on her breasts. *Id*. M.H. stated that these actions caused her to run out of the room.

In the week following the conclusion of this interview, M.H.'s father reported to police that Whitcomb had since admitted to him "that he used his mouth on M.H.'s vagina." *Id*. Similarly, when Whitcomb subsequently met with police to discuss the matter as a result of this report, he admitted to "pulling down M.H.'s pants and underwear[,] and putting his mouth on [her] vagina." *Id*. In the wake of this latter admission, police arrested Whitcomb and the Commonwealth charged him with IDSI with a child and multiple other related crimes.

On December 5, 2024, Whitcomb entered a guilty plea to IDSI with a child, and the Commonwealth agreed to *nolle prosequi* the remaining charges.

After confirming Whitcomb's understanding of the guilty plea process, the trial court accepted Whitcomb's guilty plea and deferred sentencing pending the preparation of a presentence investigation report ("PSI") and an assessment by the Sexual Offenders Assessment Board ("SOAB") to determine whether Whitcomb met the criteria to be classified as a sexually violent predator.

On February 26, 2025, the parties appeared before the trial court for sentencing, at which time Whitcomb preliminarily motioned the court for a continuance so that his mother could attend in-person and "speak on [his] behalf." N.T., 2/26/25, at 3. In presenting this motion, Whitcomb only explained that his mother was unable to attend the hearing that day due to the recent cancellation of her flight. The trial court denied Whitcomb's continuance request, reasoning that it didn't believe that Whitcomb's mother's testimony "would make that much of a difference[,]" and proceeded with the sentencing hearing as scheduled. At the conclusion of the hearing, the trial court imposed a sentence of ten to twenty years' imprisonment, followed by three years' probation.[2] *Id*.

_____

[2] The trial court additionally determined that although Whitcomb was not classified as a sexually violent predator pursuant to the Pennsylvania Sex Offender Registration and Notification Act ("SORNA"), his convictions nonetheless triggered lifetime registration under Subchapter H. **See** 42 Pa.C.S.A. § 9799.14(d)(4) (classifying IDSI as a "Tier III" sexual offense); **see also** 42 Pa.C.S.A. § 9799.15(a)(3) (providing that an individual convicted of a Tier III sexual offense shall register for life); **Commonwealth v. Torsilieri**, 316 A.3d 77, 81 (Pa. 2024) (explaining that Subchapter H applies to sexual offenders who committed their offenses on or after December 20, 2012).

Whitcomb filed a timely post-sentence motion, solely challenging the discretionary aspects of his sentence, which the trial court denied. Whitcomb then filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Whitcomb raises the following issues for our review:

1. Did the lower court abuse its discretion or commit an error of law in its sentence of [Whitcomb]?

2. Did the lower court abuse its discretion in failing to grant [Whitcomb's] request for a continuance of the sentencing hearing?

Whitcomb's Brief at 3-4.

Whitcomb's first issue presents a challenge to the discretionary aspects of his sentence. Challenges to the discretionary aspects of a sentence are not appealable as of right. *See Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Instead, this Court must conduct a four-part analysis prior to reviewing the merits of a challenge to the discretionary aspects of a sentence, determining:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the sentencing code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and unnecessary capitalization omitted).

- 4 -

In the instant case, Whitcomb filed a timely post-sentence motion, a timely notice of appeal, and included a Rule 2119(f) statement in his brief. Accordingly, we now review both Whitcomb's statement of questions presented and his Rule 2119(f) statement to determine whether he has presented a substantial question for our review. *See Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (holding that we cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists). Pertinently, an appellant raises a substantial question when he "advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012) (unnecessary capitalization omitted).

Here, Whitcomb acknowledges in his Rule 2119(f) statement that he must satisfy the above four-part test to preserve his challenge to the discretionary aspects of his sentence. Notably, however, following our review of both his statement of questions presented and his Rule 2119(f) statement, we are unable to locate any colorable argument which directly supports a finding that he has preserved his claim in light of these requirements. Instead, we emphasize that the only attempt Whitcomb appears to have taken to

satisfy these requirements was his inclusion of the following conclusory remarks in his Rule 2119(f) statement:

> In the instant case, [Whitcomb] has filed a timely notice of appeal; the issue was properly preserved at sentencing; [Whitcomb's] brief does not have a fatal defect under Pa.R.A.P. 2119(f); and, as set forth below, there is a substantial question that the sentence appealed from is not appropriate under the sentencing code, 42 Pa.C.S.A. § 9781(b).

Whitcomb's Brief at 7. Consequently, because Whitcomb did not advance **any** colorable argument, within either his statement of questions presented or Rule 2119(f) statement, that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process, he has failed to raise a substantial question for our review.[3] **See Glass**, 50 A.3d at 727. Thus, we decline to review the merits of Whitcomb's discretionary sentencing claim. **See Leatherby**, 116 A.3d at 83; **see also Moury**, 992 A.2d at 170.

In his second issue, Whitcomb challenges the trial court's denial of his motion for a continuance at the time of his sentencing hearing. The decision to grant or deny a continuance request is within the sound discretion of the trial court, and we will not reverse the decision absent a clear abuse of

---

[3] While we acknowledge that Whitcomb attempts to incorporate by reference the arguments contained throughout the remainder of his brief to support the existence of a substantial question, we reiterate that this Court **cannot** look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. **See Provenzano**, 50 A.3d at 154.

discretion. *See Commonwealth v. McAleer*, 748 A.2d 670, 673 (Pa. 2000). It is well-settled that "an abuse of discretion is not merely an error of judgment[,]" but occurs when "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]" *Id*. (citations and internal quotation marks omitted). This Court "will not find an abuse of discretion if the denial of [a] continuance request did not prejudice the appellant." *Commonwealth v. Pettersen*, 49 A.3d 903, 914 (Pa. Super. 2012).

Furthermore, "[w]here the trial court is informed by a PSI, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Torres*, 303 A.3d 1058, 1067 (Pa. Super. 2023) (citation and original brackets omitted); *see also Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (explaining that where the sentencing court had the benefit of a PSI, we presume "the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors").

Finally, this Court has held that a "sentencing court may consider any evidence it deems relevant" to fashion an appropriate penalty, and that although "due process [still] applies, [it] is neither bound by the same rules

of evidence nor criminal procedure as it is in a criminal trial."
***Commonwealth v. King***, 182 A.3d 449, 455 (Pa. Super. 2018).

Whitcomb argues that the trial court abused its discretion by denying his request for a continuance, as he claims the court's ruling prevented him from eliciting "material and relevant psychological and historical background information" from his mother prior to sentencing which "would have been helpful to the court in fashioning a sentence." Whitcomb's Brief at 21 (unnecessary capitalization omitted). Accordingly, Whitcomb contends that because the court "fail[ed] to continue the time of sentencing for a few days[,]" so that his mother could fly across the country and provide this material testimony, the trial court's denial order constituted an abuse of discretion. ***Id***.

The trial court considered Whitcomb's discretionary sentencing issue and determined that it was without merit, reasoning as follows:

> At the time of sentence, counsel for [Whitcomb] indicated that [Whitcomb's] mother's flight was cancelled, depriving her of the opportunity to be present for his sentencing. . . . Nonetheless, [Whitcomb] was afforded the opportunity to participate in his [presentence investigation] and provide any and all relevant information at that time. He was also afforded the opportunity to speak at the time of sentence and to have counsel speak on his behalf. The court submits that any information provided by [Whitcomb's] mother at the time of sentence could have been provided prior thereto or by [Whitcomb] or his counsel. Thus, the court found no basis for continuing the sentencing proceeding.

Trial Court Opinion, 6/17/25, at 7 (unnecessary capitalization and citations omitted).

After reviewing the record, we discern no error or abuse of discretion by the trial court in denying Whitcomb's continuance motion. Instantly, the record is clear that at the time of sentencing, the trial court had the benefit of both the PSI and the SOAB report when it fashioned Whitcomb's sentence. That the trial court had the PSI, without more, engendered a presumption that the court was aware of **all** of the appropriate sentencing factors, mitigating circumstances, and considerations pertinent to Whitcomb's background and history. **See Torres**, 303 A.3d at 1067; **see also Watson**, 228 A.3d at 936. However, in this case, the trial court had the added benefit of the SOAB report and the detailed psychological information that it provided. Thus, the trial court had access to a tremendous amount of information concerning Whitcomb prior to the sentencing hearing.

Whereas Whitcomb avers that his mother could have provided the court with material information that was missing from either of these detailed reports, we find such an argument unconvincing. In doing so, we highlight that Whitcomb has failed to specify anywhere in the record, including on appeal, what "material and relevant psychological and historical background information" the trial court was unaware of at the time of his sentencing, and of which he insists only his mother is privy. Whitcomb's Brief at 21. In any event, we glean that any novel information that Whitcomb's mother could have provided to the court with respect to Whitcomb's background would have almost certainly been trivial for purposes of sentencing, as Whitcomb admitted

multiple times to committing IDSI with a child, who we reiterate, trusted him as she would a live-in uncle. Consequently, absent any further illumination as to what additional information Whitcomb's mother could have provided to the trial court, we cannot accept Whitcomb's bold assertion that her testimony was necessary to its calculation of his sentence.

Moreover, even if we could discern from the record that Whitcomb's mother's testimony would have affected the trial court's fashioning of Whitcomb's underlying sentence, we nonetheless remain uncertain as to how the court's singular act of denying Whitcomb's last-minute continuance request was either manifestly unreasonable or prejudicial. Here, as the trial court aptly points out in its Rule 1925(a) opinion, Whitcomb had the opportunity to present his mother's testimony at any point during the months' long preparation of his PSI, but plainly chose not to do so. Likewise, Whitcomb offers no explanation as to why he could not have presented his mother's testimony on the day of his sentencing hearing absent her physical presence — indeed, we observe that Whitcomb, who had the assistance of court-appointed counsel at the time of his sentencing hearing, could have presented his mother's testimony by various other means, including via phone, video, or written affidavit, but made no apparent effort to do so. *See King*, 182 A.3d at 455. Hence, Whitcomb's failures in this regard strongly evince a determination that the trial court's denial of a continuance, in and of itself, was not inherently unreasonable or prejudicial, as he so claims.

Accordingly, because we determine, for the reasons stated above, that Whitcomb is unable to: (1) overcome the presumption that the trial court, with the assistance of a PSI and SOAB report, was aware of *all* relevant sentencing factors at the time of his sentencing hearing; and (2) show that the trial court's order was unreasonable or prejudicial to the extent that it prevented him from presenting his mother's testimony at any point prior to his sentencing, we conclude the trial court did not abuse its discretion in denying his continuance request. *See McAleer*, 748 A.2d at 673; *see also Torres*, 303 A.3d at 1067; *Watson*, 228 A.3d at 936; *Pettersen*, 49 A.3d at 914. Thus, we hold Whitcomb's second issue is without merit.

As we determine that neither of Whitcomb's issues warrant relief on appeal, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/24/2026

- 11 -